HOLLAND & KNIGHT LLP
John Kern (SBN 206001)
David I. Holtzman (SBN 299287)
Daniel P. Kappes (SBN 303454)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: 415-743-6900
Fax: 415-743-6910
E-mail: john.kern@hklaw.com
        david.holtzman@hklaw.com
        daniel.kappes@hklaw.com

Attorneys for Plaintiff
FOUNDATION AUTO HOLDINGS, LLC

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| FOUNDATION AUTO HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WEBER MOTORS, FRESNO, INC. d/b/a BMW Fresno, a California corporation; CJ'S ROAD TO LEMANS CORP. d/b/a Audi Fresno and Porsche Fresno, a California corporation; and CHRISTOPHER JOHN WILSON, an individual and resident of the State of California,<br><br>Defendants. | Case No. 1:21-cv-00970-NONE-EPG<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**Hearing:    Tuesday, September 21, 2021**<br>**Time:        9:30 a.m.**<br>**Courtroom:  10**<br>**Before: Hon. Erica P. Grosjean** |

*Holland & Knight LLP*
*50 California Street, 28th Floor*
*San Francisco, CA 94111*
*Tel: 415.743.6900; Fax: 415.743.6910*

1

OPPOSITION TO MOTION TO DISMISS                         CASE NO: 1:21-CV-00970-NONE-EPG

## **<u>TABLE OF CONTENTS</u>**

**Page**

INTRODUCTION ............................................................................................................................ 5

FACTUAL BACKGROUND ......................................................................................................... 5

ARGUMENT ................................................................................................................................ 10

   1.     RELEVANT LEGAL STANDARDS. .............................................................................. 10

     a.     Motion to dismiss under F.R.C.P. 12(b)(6). ............................................ 10

     b.     Elements of breach of contract under California law. ............................. 10

   2.     FOUNDATION STATES A VALID CLAIM FOR BREACH OF CONTRACT. ............................... 11

     a.     The Complaint establishes a plausible claim on its face. ....................... 11

     b.     Foundation was not required to complete its performance under the APA by January 30, 2021. ........................................................................... 13

     c.     The conditions precedent to Foundation's performance under the APA have no bearing on Defendant's obligations and conduct. ...................................... 14

   3.     IN THE ALTERNATIVE, THE COURT SHOULD PROVIDE FOUNDATION WITH LEAVE TO FILE ITS FIRST AMENDED COMPLAINT. ....................................................................... 15

CONCLUSION ............................................................................................................................. 15

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

OPPOSITION TO MOTION TO DISMISS          CASE NO: 1:21-CV-00970-NONE-EPG

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

### TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................................................10

*Attalla v. Ford Motor Company,*
    CV-13-2862-MWF, 2013 WL 12139109, *1 (C.D. Cal. June 3, 2013)....................................12

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)...........................................................................................................10

*Calhoun v. Google LLC,*
    Case No. 20-CV-05146-LHK, 2021 WL 1056532 (N.D. Cal. March 17, 2021)........................10

*Chinatown Neighborhood Ass'n v. Harris,*
    33 F. Supp. 3d 1085 (N.D. Cal. 2014)....................................................................................15

*Coles v. Glaser,*
    2 Cal.App.5th 384 (2016).....................................................................................................10

*Constr. Protective Servs., Inc. v. TIG Specialty Ins. Co.,*
    29 Cal.4th 189 (2002) .........................................................................................................12

*Cooper v. Pickett,*
    137 F.3d 616 (9th Cir. 1997)..................................................................................................5

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.,*
    865 F. Supp. 2d 1002 (C.D. Cal. 2011) .................................................................................11

*Lacey v. Maricopa County,*
    693 F.3d 896 (9th Cir. 2012).................................................................................................10

*Langan v. United Servs. Auto. Ass'n,*
    69 F. Supp. 3d 965 (N.D. Cal. 2014).....................................................................................11

*Moss v. U.S. Secret Serv.,*
    572 F.3d 962 (9th Cir. 2009).................................................................................................11

*Orlando v. Carolina Cas. Ins. Co.,*
    No. CIV F -7-0092 AWI SMS, 2007 WL 2155708 (E.D. Cal. July 26, 2007)...........................14

*Platt Pac., Inc. v. Andelson,*
    6 Cal.4th 307 (1993) ...........................................................................................................14

*Spellman v. Dixon,*
    256 Cal.App.2d 1 (1967)......................................................................................................15

3

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ....................................................................................... 10, 12

*Zetz v. Boston Scientific Corp.*, 398 F. Supp. 3d 700, 706 (E.D. Cal. 2019) .................................... 10

**Statutes**

Fed. R. Civ. P.
§ 8(a) ................................................................................................................................... 10
§ 8(a)(2) ............................................................................................................................... 11
§ 12(b)(6) ................................................................................................................. 5, 10, 12, 15

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

OPPOSITION TO MOTION TO DISMISS                    CASE NO: 1:21-CV-00970-NONE-EPG

Foundation Auto Holdings, LLC ("Foundation") respectfully files this response in opposition to the Defendants' combined Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

This matter arises out of an Asset Purchase Agreement ("APA")[1] that Foundation entered into with Defendants Christopher John Wilson ("Wilson"), Weber Motors, Fresno, Inc. d/b/a BMW Fresno ("Weber"), and CJ's Road to Lemans Corp. d/b/a Audi Fresno and Porsche Fresno ("Lemans," and together with Wilson and Weber, the "Defendants"). Under the APA, Foundation agreed to purchase, and Weber and Lemans agreed to sell, substantially all of the assets associated with the operation of the BMW, Audi, and Porsche dealerships that Weber and Lemans own in Fresno, California. Following an agreement on the terms of the deal, however, the Defendants engaged in a pattern of conduct that breached the APA and prevented the closing of the transactions. After receiving notice of their breaches of the APA on June 11, 2021, Weber and Lemans served written notice of their termination of the agreement, and Foundation promptly moved to file this lawsuit to enforce the terms of the APA.

Defendants now move to dismiss Foundation's Complaint, which seeks damages for breach of the APA and specific performance, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants claim that dismissal is warranted because all materials terms of the contract are not attached to the Complaint, or set forth therein, and, further, because Foundation failed to allege that it secured financing to close the transactions and that it obtained certain lease assignments contemplated under the APA. Defendants' arguments are insufficient to warrant dismissal. Based on the facts, law, and arguments below, the Court should reject the Motion.

## FACTUAL BACKGROUND

In early 2020, Wilson hired a firm named Templeton Marsh to assist him in finding a partner to become the majority owner of the BMW, Audi, and Porsche dealerships that Weber and Lemans

---

[1] Although not attached the complaint, and therefore arguably improperly beyond the pleadings, and not attached to the Motion to Dismiss, Foundation attaches hereto a copy of the APA, for the Court's convenience. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997) ("In ruling on a motion to dismiss, a district court generally 'may not consider any material beyond the pleadings'"); *but see id.* at 622-23 ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned," however it is the defendant that bears the burden to "introduce the exhibit as part of his motion attacking the pleading").

5

OPPOSITION TO MOTION TO DISMISS                CASE NO: 1:21-CV-00970-NONE-EPG

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

collectively own. (*See* Foundation's Compl. ¶ 5.) Around May 1, 2020, Martin Couture, a Principal with Templeton Marsh, contacted Foundation's President and CEO, Kevin Kutschinski, regarding the opportunity. (*Id.* ¶ 11.) Shortly thereafter, on May 6, 2020, Mr. Couture introduced Wilson to Mr. Kutschinski and other representatives of Foundation. (*Id.* ¶ 12.) The parties subsequently held an introductory call, on or about May 8, 2020, to discuss the potential deal for the dealerships in Fresno. (*Id.*)

Over the next several months, Foundation, and Wilson, on behalf of Weber and Lemans, negotiated the terms of a deal. (*Id.* ¶ 14.) As a result of those efforts, on July 24, 2020, the parties executed a Letter of Intent to proceed. (*See id.* ¶ 15.) With the Letter of Intent in place, the parties began negotiating the APA. (*Id.* ¶ 16.) On November 30, 2020, Foundation and Wilson, both individually and on behalf of Weber and Lemans, executed and entered into the APA. (*Id.* ¶ 17.)

Under the APA's terms and provisions, Foundation was to purchase from Weber and Lemans substantially all of the assets used in connection with the operation of the subject BMW, Audi, and Porsche dealerships. (*Id.* ¶ 16.) Closing for the subject transactions was to "occur no later than January 30, 2021" provided, however, that the deadline would "automatically be extended without further action by either party for up to an additional one hundred fifty (150) days as may be necessary in connection with Manufacturer and State of California regulatory approvals as required" under the APA. (*Id.* ¶ 18.)

The APA also outlines several actions the parties had to take, and documents the parties had to deliver, prior to the transactions' closing. (*Id.* ¶ 19.) These include Wilson executing and delivering a non-compete, non-solicitation, and no-hire agreement with Foundation, Wilson executing and delivering an employment agreement with the post-transaction operating entity and, further, Wilson, Weber, and Lemans taking such action as may be reasonably necessary and requested to complete the transactions contemplated under the APA. (*See id.* ¶ 19.).

Moreover, the APA also outlines several conditions precedent to each party's respective performance of its APA obligations. Foundation's performance was contingent upon: 1. Weber and Lemans causing Wilson to fully comply with all of his obligations under the APA; 2. Weber and Lemans' representations made under the APA and related agreements being true and complete when

OPPOSITION TO MOTION TO DISMISS                    CASE NO: 1:21-CV-00970-NONE-EPG

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

given and at closing;  3. Foundation receiving all necessary approvals from the manufacturers associated with each dealership; 4. Foundation receiving all necessary approvals from the State of California, and any other applicable regulatory body, to operate the three dealerships; and, 5. Foundation obtaining all consents, approvals, and waivers required to consummate the transactions contemplated under the APA.  (*Id*. ¶ 21.).  As to Weber and Lemans' obligations, they were contingent, in part, upon Weber and Lemans obtaining all applicable consent, approvals, and waivers—including manufacturer approval—required for the parties to complete the transactions. (*Id*. ¶ 22.)

Finally, the APA outlines limited circumstances under which the parties could terminate the APA.  (*Id*. ¶ 25.)  For its part, Foundation had the right to terminate prior to closing, upon appropriate notice to Weber and Lemans, if any of its conditions precedent were not satisfied prior to the closing date, or became incapable of being satisfied by the closing date, through no breach of its own.  (*Id*.)  Weber and Lemans have similar rights to terminate under the APA.  (*Id*. ¶ 26.)  Specifically, they each could terminate the APA, upon proper notice to Foundation, if any of their conditions precedent had not been satisfied prior to the closing date, or became incapable of being satisfied by the closing date, through no breach of their own.  (*Id*.)  That being said, neither Foundation nor Wilson, Weber, or Lemans could terminate the APA, or any related agreement, if their "willful breach" or "intentional misrepresentation … prevented the [c]losing from taking place before" the closing date deadline.  (*Id*. ¶ 27.)

In December of 2020, following execution of the APA, Foundation began efforts to communicate with the manufacturers associated with each of the subject dealerships, and to introduce those manufacturers to the Foundation team.  (*Id*. ¶ 28.)  Initially, Wilson participated in the process. Over time, however, Wilson became uncooperative and unresponsive to Foundation's communications and requests for information.  (*Id*. ¶ 29.)  In particular, Wilson delayed, and in certain respects refused, to provide information necessary to complete the applications Foundation needed for manufacturer approvals.  (*See id*.)

Beginning in January of 2021, Wilson started to express an unwillingness to move forward to close the agreed-upon transactions.  (*Id*. ¶ 30.)  Through text messages with Mr. Kutschinski, Wilson

OPPOSITION TO MOTION TO DISMISS                    CASE NO: 1:21-CV-00970-NONE-EPG

specifically communicated concern regarding his ability, from a financial perspective, to close the deal, citing existing loan obligations and tax related issues. (*Id.*) Mr. Kutschinski responded by reiterating Foundation's desire to close the deal, and indicating his and Foundation's commitment to work with Wilson, Weber, and Lemans to do what is necessary to bring the parties to the closing table. (*Id.* ¶ 32.) Mr. Kutschinski further informed Wilson that Foundation intended to honor the APA as executed. (*Id.* ¶ 34.) Wilson, unfortunately, did not reciprocate, let alone provide a meaningful response. (*Id.*)

With the original closing date of January 30, 2021, approaching, manufacturer and regulatory approval remained outstanding, and, in fact, was the primary hurdle to clear for closing. (*Id.* ¶ 35.) When the original closing date arrived without the necessary approvals in process, but not yet in place, the automatic extension of up to an additional one hundred fifty (150) days kicked in, and established an outside closing date of June 29, 2021. (*Id.*)

Despite Wilson's inaction, in late January and early February of 2021, Foundation continued its attempts to obtain the information necessary to acquire both manufacturer and regulatory approval for the transactions. (*Id.* ¶ 36.) Rather than cooperating, as was his obligation under the APA, Wilson responded with more inaction, and reiteration of his concerns about closing, again due to alleged negative economic circumstances. (*Id.*) More concerning, perhaps, Wilson refused to provide information necessary for Foundation to complete and submit the respective manufacturer applications for approval, again, pointing to his alleged economic troubles. (*Id.*)

In response to Wilson's inaction, verbal refusals to perform his obligations under the APA, and his increasing propensity to not respond to Foundation's communications, by letter dated February 15, 2021, Foundation made a demand under Section 5.23 of the APA for Weber and Lemans to provide written assurances of their intent to honor its terms. (*Id.* ¶ 37.) Specifically, Foundation demanded assurances that Weber and Lemans would comply with their obligations to (a) timely respond to all information requests; (b) submit timely and complete applications for all necessary manufacturer and State of California regulatory approval; and (c) proceed in good faith toward closing. (*Id.* ¶ 38.) Although Weber, Lemans, and Wilson did not respond in writing, Wilson's attorney subsequently initiated communications with Foundation. (*Id.* ¶ 39.) While the parties did

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

8

see some momentum toward closing following these communications, it was, unfortunately, short-lived. (*See id.* ¶ 40.)

On May 24, 2021, Chris Beaton, Foundation's Vice President of Mergers and Acquisitions, contacted Wilson's attorney, Reggie Borkum, to inform him that Foundation had received a conditional approval letter from Porsche. (*Id.* ¶ 41.) As a result, Foundation had conditional manufacturer approval on all three of the contemplated transactions, and Foundation was intent on moving to close the deal. (*Id.*) Mr. Beaton and Mr. Borkum had a follow up call approximately one week later, on June 1, 2021, to discuss the closing. (*Id.* ¶ 42.) During that conversation, however, Mr. Borkum indicated that Wilson had concerns regarding the level of trust between the parties and, perhaps more importantly, that Wilson had no intention of executing and delivering the documents required for closing under the APA, including his employment agreement and the operating agreements for the post-closing operating entities. (*Id.*) In an attempt to address these purported concerns, Foundation reiterated its intent to close the contemplated transactions, as the parties pledged under the APA and, further, to fulfil its obligations of having Wilson as an operating partner in the subsequent business. (*Id.* ¶ 43.) In light of Wilson's conduct, however, Foundation once again made clear that it required immediate assurances from Wilson that the Defendants intended to move forward and close the deal. (*Id.*) Wilson, however, made no attempt to provide the requested assurances to Foundation. (*Id.* ¶ 44.)

In a letter dated June 8, 2021, Foundation provided notice to Wilson, Weber, and Lemans that as a result of both their actions and inaction, it considered each of them in breach of the APA. (*See id.* ¶ 45.) Therein, Foundation requested that each of Wilson, Weber, and Lemans provide an acceptable response to the notice of breach by Thursday, June 10, 2021. (*Id.* ¶ 46.) The Defendants, however, did not provide any response. Instead, on June 11, 2021, attorneys for Weber and Lemans served a letter on Foundation purporting to terminate the APA, and declaring the agreement without force or effect. (*Id.* ¶ 50.) This lawsuit followed to enforce the terms of the APA.

OPPOSITION TO MOTION TO DISMISS                    CASE NO: 1:21-CV-00970-NONE-EPG

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

**ARGUMENT**

**1.      Relevant legal standards.**

**a.      Motion to dismiss under F.R.C.P. 12(b)(6).**

"Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include 'a short and plain statement of the claim showing that the pleader is entitled to relief." *Calhoun v. Google LLC*, Case No. 20-CV-05146-LHK, 2021 WL 1056532, *6 (N.D. Cal. March 17, 2021). "The theory of Rule 8(a), and of the federal rules in general, is notice pleading." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). Nevertheless, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).

While "*Iqbal* demands more of plaintiffs than bare notice pleading," it does not require the Court "to flyspeck complaints looking for any gap in the facts." *Lacey v. Maricopa County*, 693 F.3d 896, 924 (9th Cir. 2012). The Ninth Circuit has distilled the principles of *Iqbal* and *Twombly* into two principles. *See Zetz v. Boston Scientific Corp.*, 398 F. Supp. 3d 700, 706 (E.D. Cal. 2019). First, for the Complaint "to be entitled to the presumption of truth," the allegations therein "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*.

**b.      Elements of breach of contract under California law.**

Foundation's Complaint states a single claim for relief, for breach of contract. To prevail on a claim for breach of contract under California law, a plaintiff must establish: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance under the contract, (3) defendant's breach of the contract, and (4) the resulting damages to the plaintiff. *Coles v. Glaser*, 2 Cal.App.5th

10

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

384, 391 (2016). The overriding purpose of the law of contracts is to protect the reasonable expectations of the parties. *See id*. at 392.

**2.      Foundation states a valid claim for breach of contract.**

Defendants ask the Court to dismiss Foundation's breach of contract claim for several reasons. Initially, they claim that the Complaint fails under the requisite pleading standards because it does not "allege all of the material terms of the APA, or that Plaintiff performed all of the terms of the APA prior to the Closing Date of January 30, 2021." (Motion at 5.)  Additionally, the Defendants maintain that the Complaint fails to state a claim upon which relief may be granted because certain conditions precedent to the performance of *Foundation's* obligations were not met by the original Closing Date Deadline of January 30, 2021.  Neither argument has merit.

**a.      The Complaint establishes a plausible claim on its face.**

In their Motion the Defendants do not contend that Foundation has failed to allege that a contract existed between the parties, which is a necessary element of the claim.  To be sure, it appears from Defendants' arguments that they all but concede the parties negotiated and entered into the APA, and that at one point in time it was a valid and binding document.  Instead, the Defendants challenge the breach of contract claim because Foundation did not attach a copy of the APA to its pleading, and, further, because it did not set forth verbatim in the Complaint all of the allegedly material provisions of the APA.  Defendants cite to no authority, binding or otherwise, for this proposition, and perhaps for good reason.  The law, after all, does not require a plaintiff to provide an exhaustive evidentiary showing at the pleading stage.  *See, e.g., Moss v. U.S. Secret Serv.*, 572 F.3d 962, (9th Cir. 2009) (noting specific facts are not necessary for pleading to satisfy Rule 8(a)(2)).

Federal courts to examine this issue uniformly reject the contention that a claim for California's breach of contract requires either attaching the contract or pleading all of its terms. "A plaintiff who sues on a written contract is not required to attach a copy of the contract to the complaint, but its existence and how it was breached must be identified." *In re WellPoint, Inc. Out-of-Network UCR Rates Litig*., 865 F. Supp. 2d 1002, 1046 (C.D. Cal. 2011). To state a claim for relief under California law, all that is necessary is "the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached." *Langan v. United Servs. Auto.*

11

*Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014). California follows the same rule: "In an action based on a written contract, a plaintiff may plead the legal effect of the contract rather than its precise language." *Constr. Protective Servs., Inc. v. TIG Specialty Ins. Co.*, 29 Cal.4th 189, 198–99 (2002).

Contrary to what the Defendants suggest, at the case's current posture Foundation "need not prove [its] case or provide evidence of [its] entitlement to relief." *Attalla v. Ford Motor Company*, CV-13-2862-MWF (VBKx), 2013 WL 12139109, *1 (C.D. Cal. June 3, 2013)   Nor must Foundation's "explanation" of the events or circumstances giving rise to its claim "be true or even probable." *Starr*, 652 F.3d at 1216-17.  All that Foundation was required to do in its pleading was provide "enough fact to raise a reasonable expectation that discovery will reveal evidence to support the allegations." *Id*. at 1217 (internal quotation marks omitted).

Even a cursory examination of the Complaint shows that Foundation has done precisely what the law requires.  It has alleged the existence of the APA (Compl. ¶ 16) and of specific provisions of the APA (*see, e.g.*, Compl. ¶¶ 17-25), made several detailed allegations regarding the Defendants' conduct (*see, e.g.*, Compl. ¶¶ 29-31) and corresponding breach of the APA (*see, e.g.*, Compl. ¶¶ 29-31, 36, 42), has set forth specific factual allegations as to its performance under the contract (and, in particular, on the issue of Manufacturer approvals) (*see, e.g.*, Compl. ¶¶ 28, 40, 41, 55), and has sufficiently alleged that it has suffered damages (*see, e.g.*, Compl. ¶¶ 45, 58).  As is evident from the Motion, however, the Defendants have refused to accept, as they must at this stage, that the allegations associated with the Complaint are true.

Defendants clearly have a view of the APA, and the parties' associated conduct, that differs from Foundation's.  That differing view, or explanation of the relevant events, however, does not justify dismissal under Rule 12(b)(6).  *Id*. at 1217 ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).").  Foundation's Complaint has more than raised a reasonable expectation that discovery will reveal evidence to support its allegations. *See id*. The Court should deny the Motion.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

OPPOSITION TO MOTION TO DISMISS                    CASE NO: 1:21-CV-00970-NONE-EPG

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

**b.   Foundation was not required to complete its performance under the APA by January 30, 2021.**

Interpreting the terms of the APA, the Defendants argue that Foundation fails to state an adequate claim because "all requirements in the APA" that did not pertain to Manufacturer or regulatory approval "had to be complete by January 30, 2021 …." (Motion at 6.)  Defendants construe the terms of the APA far too narrowly, and in the process conflate and confuse the meaning of specifically defined terms and phrases.

The APA specifically defines "Closing" as "the closing of the transactions … contemplated by" the APA and its related agreements.  (APA at p. 4, § 3.1(a).)  The APA, however, does not set a specific date for the Closing.  Rather, by its terms the Closing was to "occur on a mutually agreeable date, at a mutually agreeable location, at 10:00 a.m. local time no later than thirty (30) days after all necessary Manufacturer … and governmental approvals are received for the transactions contemplated under this Agreement so long as all other conditions set forth in this Agreement are satisfied …." (*Id.*)  Consistent with this definition, the APA defines "Closing Date"  generally as "the date on which … Closing occurs …." (*Id.*)  The APA goes on to state that "[t]he Closing Date shall occur no later than January 30, 2021 (the "<u>Closing Date Deadline</u>") provided, however, the Closing Date Deadline shall automatically be extended without further action by either party for up to an additional one hundred fifty (150) days as may be necessary in connection with Manufacturer and State of California regulatory approvals as required under" its terms.  (*Id.*)  This self-executing mechanism set an outside deadline for the parties to agree to a time, date, and place for closing, and to see the closing through, in the event Manufacturer and regulatory approvals remained outstanding on January 30, 2021.  (*See id.*)

The definitions of the aforementioned terms are important, as Foundation's performance under the APA is largely dependent upon them.  For instance, the obligations identified under Section 3.2, which the Defendants cite to support their argument, describe and identify certain actions the parties had to take *at the time the transaction closed*.  (*Id.*, § 3.2 ("*At the Closing*, the Parties will take the following actions and deliver the following documents ….").  The "commercially reasonable efforts" that Defendants allege Foundation failed to take under Section 5.7(b) with respect to

13

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

Manufacturer and regulatory approvals were similarly not tied to a January 30, 2021, deadline. Instead, the agreement required that Foundation obtain the necessary approvals "no later than the *Closing Date*[.]" (*Id*., § 5.7(b) (emphasis added).) Finally, the conditions precedent to each party's performance under Section 6 of the APA, were to be satisfied "on or prior to the *Closing Date* …." (*Id*., §§ 6.1, 6.2 (emphasis added).) The Closing Date Deadline, originally set as January 30, 2021, is not even referenced in these sections, or any subsections thereunder. In short, Foundation's complete performance under the APA, and ultimate obligation to purchase the subject dealerships, was not yet due on January 30, 2021. To the extent Defendants' Motion is premised on a failure of Foundation to meet the obligations set forth under these provisions by January 30, 2021, the Court should reject it.

### c.     The conditions precedent to Foundation's performance under the APA have no bearing on Defendant's obligations and conduct.

Finally, the Defendants argue that Foundation has failed to plausibly state a claim for breach of contract because its conduct, and alleged failures to act, frustrated the performance of its own obligations under the APA. (*See* Motion at 8.) The Court should reject this reasoning.

"Under the law of contracts, parties may expressly agree that a right or duty is conditional upon the occurrence or nonoccurrence of an act or event." *Platt Pac., Inc. v. Andelson*, 6 Cal.4th 307, 313 (1993). "A condition precedent is either an act of a party that must be performed or an uncertain event that must happen before the … contractual duty arises." *Orlando v. Carolina Cas. Ins. Co.*, No. CIV F -7-0092 AWI SMS, 2007 WL 2155708, *5 (E.D. Cal. July 26, 2007).

Defendants accurately state that Foundation's ultimate obligation, or contractual duty, to purchase the dealerships in question was subject to the satisfaction of certain conditions precedent set forth in Section 6.1 of the APA. (*See* Motion at 7.) These conditions included, but are not limited to, Foundation obtaining the necessary financing required to complete the transaction and, further, Foundation obtaining appropriate lease assignments. (APA at pp. 22-23, §§ 6.1(f), 6.1(k).) Defendants claim, however, that these conditions had to be satisfied, not just for Foundation to be bound to ultimately purchase the subject of the transaction, but "in order for the contract terms" in general "to be fulfilled." (*See* Motion at 7-8.) Defendants' argument is misplaced.

14

Foundation was not obligated to perform the APA unless certain conditions precedent were met. The parties codified these conditions precedent at APA section 6.1. (Compl. ¶ 21.) Similarly, section 6.2 codified the conditions precedent to Defendants' performance. (Compl. ¶ 22.) Importantly, conditions precedent do not govern whether the APA is "to be fulfilled" or even whether the Defendants had to perform. Foundation had complete discretion of whether any or all of the conditions had to be satisfied by the Closing Date. (*See* APA at p. 23, § 6.1 (stating expressly that "any" of the conditions could "be waived in writing by Buyer[.]".); *see also Spellman v. Dixon*, 256 Cal.App.2d 1, 4 (1967) ("a contracting party may waive provisions placed in a contract solely for his benefit"). And, of course, the conditions precedent to *Foundation's* performance have nothing to do with *Defendants'* performance. In short, Defendants' arguments regarding the conditions precedent to Foundation's obligations to perform do not justify dismissal under Rule 12(b)(6).

**3.      In the alternative, the Court should provide Foundation with leave to file its First Amended Complaint.**

"If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014). Defendants' Motion falls far short of making a showing to justify denying leave to amend. Instead, and at most, the Motion provides a competing explanation regarding the operative facts underlying this dispute. In the event the Court decides that dismissal is warranted under Rule 12(b)(6), the Court should grant Foundation leave to amend the Complaint to address any deficiencies that the Court identifies.

**CONCLUSION**

Based on the facts, law, and arguments set forth above, the Court should deny the motion to dismiss or, in the alternative, provide Foundation leave to file its First Amended Complaint.

Dated: September 7th, 2021.              HOLLAND & KNIGHT LLP

/s/ David Holtzman
David Holtzman

Attorneys for Plaintiff
FOUNDATION AUTO HOLDINGS, LLC

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

OPPOSITION TO MOTION TO DISMISS                    CASE NO: 1:21-CV-00970-NONE-EPG