FORREST BOOTH (SBN 74166)
forrest.booth@kennedyslaw.com
SUSAN F. DENT (SBN 292900)
susan.dent@kennedyslaw.com
KENNEDYS CMK LLP
101 California Street, Suite 1225
San Francisco, CA 94111
Telephone:        415-323-4460
Facsimile:        415-323-4445

Attorneys for Plaintiff-in-Intervention
TEMPLETON MARSH, LTD.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FOUNDATION AUTO HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WEBER MOTORS, FRESNO, INC. d/b/a BMW Fresno, a California corporation; CJ'S ROAD TO LEMANS CORP. d/b/a Audi Fresno and Porsche Fresno, a California corporation; and CHRISTOPHER JOHN WILSON, an individual and resident of the State of California,<br><br>Defendants. | Case No. 1:21-cv-00970-EPG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE OF TEMPLETON MARSH, LTD.  PURSUANT TO F.R.C.PRO. 24(A), OR, IN THE ALTERNATIVE, F.R.C.PRO. 24(B)**<br><br>Date:  October 15, 2021<br>Time:  10:00 a.m.<br>Courtroom: 10<br><br>Complaint Filed:  June 18, 2021<br>Trial Date:  TBD |

## I.    INTRODUCTION

Proposed Plaintiff-in-Intervention TEMPLETON MARSH LTD. ("TM LTD") brings the instant Motion to Intervene in this breach of contract action as a matter of right under Federal Rule of Civil Procedure 24(a)(2).  TM LTD has a direct and immediate protectable interest in the outcome of this action, and therefore intervention is proper.  Alternatively, TM LTD seeks to intervene based on Federal Rule of Civil Procedure 24(b)(1)(b) on the grounds that it has a claim or defense that shares

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE
OF TEMPLETON MARSH, LTD.,
CASE NO. 1:21-CV-00970-EPG

with the main action common questions of law or fact.  Attached hereto as **Exhibit 1** is TM LTD's [Proposed] Complaint-in-Intervention.

Under its Representation Agreement, TM LTD asserts a right to receive payment of its Success Fee, pursuant to an auto dealership sale agreement between the underlying Plaintiff and Defendants. TM LTD, therefore, seeks to intervene in this action as it is an interested party and has competing claims against underlying Defendants.

TM LTD satisfies all four requirements of Federal Rule of Civil Procedure 24(a)(2), which are broadly interpreted in favor of intervention. *Citizens for Balanced Use v. Montana Wilderness Ass'n.*, 647 F.3d 893, 897 (9th Cir. 2011). First, this motion to intervene is timely (*Sanford v. MemberWorks, Inc.*, 483 F. 3d 956, 965 (9th Cir. 2007)). Second, TM LTD has a significant protectable interest that is in part the subject of this action (*Shin v. Washington Mutual Bank*, F.A., No. 18-cv-02143YGR, 2018 WL 3392138 at *3 (N.D. Cal. July 12, 2018)).  Third, TM LTD's interest may be impaired if it is not permitted to intervene (*City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010)). Fourth, the existing parties do not adequately represent TM LTD's interest (*Citizens for Balanced Use, supra,* 647.3d at 898)).  Permitting TM LTD to intervene will not enlarge the issues in the litigation, and will not prejudice any party at this early stage of the case.

Alternatively, TM LTD seeks permissive intervention under Rule 24(b)(2) on the grounds that it has a claim or defense that shares common questions of law or fact with the main action.  For these reasons, TM LTD's motion to intervene should be granted.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

As plead in the proposed Complaint-in-Intervention, prospective Plaintiff-in-Intervention TEMPLETON MARSH LTD is a Canadian company specializing in introductions between prospective buyers and sellers of auto dealerships. TM LTD entered into a Representation Agreement with Defendant CHRISTOPHER JOHN WILSON ("CJ Wilson" or "Seller"), who is the owner and operator of the named defendant WEBER MOTORS, FRESNO INC. d/b/a BMW Fresno and CJ's ROAD TO LEHMANS d/b/a Audi Fresno and Porsche Fresno (collectively hereinafter with CJ Wilson, "the CJ Wilson Defendants").  CJ Wilson signed the Representation Agreement on behalf of all CJ Wilson Defendants.

Paragraph 6 of the Representation Agreement provides TM is entitled to a Success Fee either of (1) 5% of the total value of the goodwill, fixed asserts, intangible assets, and party inventories of the transaction completed between the CJ Wilson Defendants and any potential buyer or (2) in the event the land and buildings in use for the auto dealerships are leased, 2% of the value of the transaction completed between the CJ Wilson Defendants and any potential buyer. A true and correct copy of this agreement is attached to the proposed Complaint-in-Intervention as **Exhibit A**. Section 5 of the Representation Agreement provides that CJ Wilson will fully cooperate with any and all conditions incident to sale, and warrants that he will not attempt to circumvent the obligation to pay the Success Fee. Further, Section 7 of Representation Agreement provides that where a Success Fee is owed to TM LTD, the CJ Wilson Defendants irrevocably authorize direct payment of same from the ultimate buyer.

CJ Wilson executed this agreement on April 30, 2020. Pursuant to the Representation Agreement, TM LTD introduced CJ Wilson to Plaintiff FOUNDATION AUTO HOLDINGS LLC (hereinafter "Foundation Auto" or "Buyers"). Thereafter, as outlined in the Complaint for Damages, CJ Wilson became increasingly uncooperative and unresponsive to both Foundation Auto and to Templeton Marsh.

The original Asset Purchase Agreement ("APA") between Foundation and the CJ Wilson Defendants provided the Closing Date for the contemplated transactions was to occur no later than January 30, 2021. Upon information and belief, the Asset Purchase Agreement automatically extended the Closing Date Deadline by up to an additional 150 days as necessary in connection with certain required approvals from the State of California and the associated manufacturers. After several delays and months of non-responsiveness by CJ Wilson, on June 10, 2021 TM LTD employee Martiin Couture received a text message from CJ Wilson indicating he was no longer willing to cooperate with the Foundation Auto purchase and sale. A true and correct copy of this message is attached to the proposed Complaint-in-Intervention as **Exhibit B**.

On June 10, 2021 TM LTD's principal, Samir Akhavan, wrote to CJ Wilson requesting he call to discuss the message. CJ Wilson replied confirming he refused to sell the dealership to Foundation Auto, and to consider that e-mail "official notice that I have no desire to retain yourself,

3

Martiin, or any agent of Templeton Marsh in any capacity." A true and correct copy of this e-mail correspondence is attached to the proposed Complaint-in-Intervention as **Exhibit C**.

One June 12, 2021, Samir Akhavan sent CJ Wilson a written demand for assurances that he would be upholding the various cooperation clauses of the TM LTD Representation Agreement. A true and correct copy of the June 12, 2021 correspondence is attached to the proposed Complaint-in-Intervention as **Exhibit D**. The same day, CJ Wilson responded by stating "any proposed transfer of any interest is cancelled and I will not in any way be selling the dealership." This June 12, 2021 correspondence to TM LTD is attached to the proposed Complaint-in-Intervention as **Exhibit E**.

On June 18, 2021, Foundation Auto filed the instant Complaint for Damages in this matter for breach of contract, seeking in excess of $5,000,000 in damages.

**III.    LEGAL ARGUMENT**

**A.  The Court Should Grant TM LTD Leave to Intervene in this Action**

Federal Code of Civil Procedure Section 24 provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> *
> *
> *
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> *
> *
> *
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)

While the applicant has the burden to show that all of the requirements for intervention have been met, in determining whether to permit intervention, a court is "guided primarily by practical

4

considerations, not technical distinctions," and "the requirements are broadly interpreted in favor of intervention." *Citizens for Balanced Use*, supra, 647 F.3d at 897.

**B. TM LTD Meets the Standards for Mandatory Intervention Pursuant to Rule 24(a)**

The Ninth Circuit has held that FRCP 24(a) should be construed "liberally in favor of potential intervenors." *State ex.rel. Lockyer v. Chao*, 450 F.3d 436, 440 (9th Cir. 2006). The Ninth Circuit has adopted a four-part test to determine if intervention is appropriate:

(1) the motion must be timely;

(2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

(4) the applicant's interest must be inadequately represented by the parties to the action.

*Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)("*Sierra Club*").

These factors are applied broadly in favor of allowing intervention and the Court is guided "primarily by practical considerations" in determining whether a party should be allowed to intervene. *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992).

1. Timeliness

In determining whether a motion to intervene is timely, the court examines: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986), cert. denied, 480 U.S. 946, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987).

The instant lawsuit was filed on June 18, 2021. (See *Declaration of Susan F. Dent in Support of Motion to Intervene* ("Dec. of SFD"), para. 2). TM LTD became aware of the lawsuit on July 31, 2021. (See *Declaration of Samir Akhavan in Support of Motion to Intervene*, ("Dec. of SA"), para. 2).

5

Counsel for TM LTD immediately contacted counsel for Plaintiff and began meeting and conferring with all appearing parties as to the possibility of joinder and or intervention, and proceeded shortly thereafter with this Motion. (Dec. of SFD at para.3).

CJ Wilson Defendants filed a Motion to Dismiss set to be heard on September 21, 2021. Dec. of SFD, para. 4. The parties have not appeared before the Court at an initial status conference, no Rule 26 disclosures have been made and no discovery plan has been contemplated. Aside from the pending MTD, filed in due course, no other substantive procedural events have occurred during the short pendency of this case.  Dec. of SFD, para. 5. As such, TM LTD's request to intervene is timely, , and allowing intervention at this point in the proceedings will not delay or cause prejudice to any party.

### 2.   TM LTD Has a Protectable Interest

In the Ninth Circuit, "an applicant has a `significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a `relationship' between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). *U.S. v. County of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002); see also *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

Here, TM LTD now has a right under its Representation Agreement to be paid a Success Fee from the CJ Wilson Defendants, pursuant to the Foundation Auto dealership sale agreement (which is governed by Foundation Auto's APA).  TM LTD further has a legitimate interest in seeing that its Success Fee is appropriately paid from the closing funds.  These are protectable interests which satisfy the second prong of the *Sierra Club* test for intervention.

### 3.   Impairment

The third prong of the *Sierra Club* test for intervention is whether or not the moving party's interests will be impaired without permission to intervene: "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) [quoting Fed.R.Civ.P. 24's advisory committee's notes].

6

"A party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interest as a result of the pending litigation." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010). As a proposed intervenor, TM LTD "must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009); see also *Citizens for Balanced Use*, *supra*, 647 F.3d at 898 (the standard is whether "the disposition of this action may, as a practical matter, impair or impede Applicants' ability to protect their interest [and] '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene ....'")

Again, allowing TM LTD to intervene now will allow it to participate in this action in which it has a significant protectable interest, and will prevent or reduce inefficient and duplicative litigation in the future between TM LTD and the CJ Wilson Defendants.

### 4.   Adequate Representation

The final *Sierra Club* factor analyzes "adequate representation" in the underlying matter. In determining adequacy of representation, courts consider the following factors: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Citizens for Balanced Use*, *supra*, 647 F.3d at 898. "[A]ny doubt as to whether the existing parties will adequately represent the intervenor should be resolved in favor of intervention." *Calif. Dump Truck Owners Ass'n v. Mary Nichols, et al.*, 275 F.R.D. 303, 307 (E.D. Cal. 2011), citing *Fed. Sav. & Loan, Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F. 2d 211, 216 (11th Cir. 1993). The burden of showing that existing parties may not adequately represent the intervenor's interest is a minimal one. *Ibid*.

While the underlying Complaint for Damages does contain several representations relating to the relationship of TM LTD to the auto dealership sale at issue, it does not purport to represent or protect TM LTD's interests with respect to the sale. Indeed, while both TM LTD and Foundation

7

Auto's causes of action arise from the same transaction, their contractual rights to recovery are based on two separate contracts: the APA for Foundation Auto and the Representation Agreement for TM LTD.  As such, in order for TM LTD to pursue its right to recovery from the CJ Wilson Defendants, its operative contract must be put before the Court, which Foundation Auto's complaint does not do. By allowing TM LTD to appear as a Plaintiff-in-Intervention, the Court will ensure TM LTD has adequate representation during the pendency of this action, and its right to be paid its Success Fee is protected.

### C. Alternatively, the Could Should Allow Permissive Intervention under Rule 24(b)

If for some reason the Court determines that TM LTD is not entitled to  intervene as a matter of right, the Court should nonetheless exercise its discretion to allow TM LTD to intervene under Rule 24(b)(1)(b), which allows a permissive intervention.

Federal Rule of Civil Procedure 24(b) provides:

(b) Permissive Intervention.

(1) In General.  On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)

TM LTD easily fulfills these requirements: this Motion is timely, as the underlying action is in its infancy with no discovery or substantive actions having yet taken place. Dec. of SFD, paras 2-5. Further, TM LTD's claims against the CJ Wilson Defendants arise from the same common questions of fact that are outlined in detail in Foundation Auto's Complaint for Damages: the auto dealership sales pursuant to Foundation Auto's APA with the CJ Wilson Defendants. By allowing discretionary intervention, this Court will promote judicial economy and streamline use of its resources in

determining the rights of all parties involved in the dealership sale transaction, and all parties who have been impacted by the CJ Wilson defendant's conduct.

## IV.   CONCLUSION

For the above reasons, TM LTD respectfully requests this Court GRANT its Motion to Intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure as an intervention as of right. Alternatively,  TM LTD respectfully requests this Court use its discretion to GRANT its Motion to Intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.


DATED:      September 15, 2021                    KENNEDYS CMK LLP


                                        By:  /s/ *Susan F. Dent*
                                             FORREST BOOTH
                                             SUSAN F. DENT

                                             Attorneys for Plaintiff-in-Intervention
                                             TEMPLETON MARSH, LTD.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE
OF TEMPLETON MARSH, LTD.
Case No. 1:21-cv-00970-EPG