1
2
3
4
5
6

HOLLAND & KNIGHT LLP
John Kern (SBN 206001)
David I. Holtzman (SBN 299287)
Daniel P. Kappes (SBN 303454)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: 415-743-6900
Fax: 415-743-6910
E-mail: john.kern@hklaw.com
          david.holtzman@hklaw.com
          daniel.kappes@hklaw.com

7
8

Attorneys for Plaintiff
FOUNDATION AUTO HOLDINGS, LLC

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOUNDATION AUTO HOLDINGS, LLC, a
Delaware limited liability company,

              Plaintiff,

      vs.

WEBER MOTORS, FRESNO, INC. d/b/a BMW
Fresno, a California corporation; CJ'S ROAD TO
LEMANS CORP. d/b/a Audi Fresno and Porsche
Fresno, a California corporation; and
CHRISTOPHER JOHN WILSON, an individual
and resident of the State of California,

              Defendants.
_____

TEMPLETON MARSH, LTD.,

              Intervenor,

      vs.

WEBER MOTORS, FRESNO, INC. d/b/a BMW
Fresno, a California corporation; CJ'S ROAD TO
LEMANS CORP. d/b/a Audi Fresno and Porsche
Fresno, a California corporation; and
CHRISTOPHER JOHN WILSON, an individual
and resident of the State of California,

              Defendants
_____

Case No. 1:21-cv-00970-JLT-EPG

**JOINT STIPULATED PROTECTIVE
ORDER**

1

On March 18, 2022, the parties filed this Joint Stipulated Protective Order. (ECF No. 33.) The stipulation largely complies with Local Rule 141.1(c), which requires that every proposed protective order contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E.D. Cal. L.R. 141.1(c). However, when describing the types of information eligible for protection, which Local Rule 141.1(c)(1) requires, the stipulation states:

> [T]he parties anticipate that, given the nature of the claims and defenses in this Action, discovery will likely include highly proprietary and sensitive business information, the disclosure of which poses a substantial risk of harm to the parties' proprietary and financial interests, **including but not limited to** (i) the operation and functioning of the parties' manufacturing and distribution systems; (ii) trade secret and business strategy information pertaining to the parties' product lines and marketing efforts; (iii) sensitive data regarding customers, potential customers, sales, and third-party business partners; and (iv) other proprietary technical or commercially sensitive information that is not otherwise available to the public;

(ECF No. 33 at 2) (emphasis added). This catchall language does not comply with Local Rule 141.1(c)(1). The Court has revised the protective order to exclude this language, and the types of information eligible for protection under this order shall include only those specified categories of information.

Additionally, when discussing requests to seal information produced pursuant to the protective order, the parties' stipulation states:

> In the event that a Party wishes to use any Confidential Information, or any document containing or making reference to the contents of such information, in any pleading or document filed with the Court, such pleading or document **shall be filed under seal pursuant to the Local Civil Rules. The Clerk of the Court is directed to maintain under seal all documents and information filed under seal with the Court in connection with this litigation, unless and until such time as the Court orders otherwise or denies permission to file under seal**

(ECF No. 33 at 11) (emphasis added). Local Rule 141 governs requests to seal and requires a proper showing and court order before documents may be sealed. E.D. Cal. L.R. 141(a). Specific requests to seal are required even if an existing protective order, statute, or rule requires or permits sealing. *Id.*

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

1    Thus, the Court has revised the language regarding filing documents under seal consistent with the

2    requirements of the Local Rules.

3            The Court  otherwise enters the protective order proposed by the parties.

4    ///

5    ///

6    ///

7    ///

8    ///

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

STIPULATED PROTECTIVE ORDER                    CASE NO: 1:21-CV-00970-JLT-EPG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

**IT IS HEREBY STIPULATED AND AGREED** between the parties, Plaintiff FOUNDATION AUTO HOLDINGS, LLC ("Foundation") and Defendants WEBER MOTORS, FRESNO, INC.; CJ'S ROAD TO LEMANS CORP.; and CHRISTOPHER JOHN WILSON ("Defendants"), and Intervenor  TEMPLETON MARSH, LTD., by and through their undersigned counsel of record, that:

WHEREAS, to expedite discovery and permit discovery to proceed without the delay occasioned by possible disputes regarding claims of confidentiality, the parties wish to produce documents and things subject to the protective provisions set forth below;

WHEREAS, the parties anticipate that, given the nature of the claims and defenses in this Action, discovery will likely include the following categories of highly proprietary and sensitive business information, the disclosure of which poses a substantial risk of harm to the parties' proprietary and financial interests: (i) the operation and functioning of the parties' manufacturing and distribution systems; (ii) trade secret and business strategy information pertaining to the parties' product lines and marketing efforts; (iii) sensitive data regarding customers, potential customers, sales, and third-party business partners; and (iv) other proprietary technical or commercially sensitive information that is not otherwise available to the public. These categories of information shall be eligible for protection under this protective order;

WHEREAS, the parties believe that the Terms and Conditions set forth below should be entered by a court order, as opposed to a private agreement between or among the parties, because the terms herein will pertain solely to the production and use of discovery in this Action, will set forth procedures by which the parties can expeditiously resolve confidentiality or privilege-related disputes before the Court, and will govern potential discovery from third parties who would not otherwise be subject to a private agreement;

WHEREAS, the parties' disclosure of information in this Action is made in reliance on the provisions of this Protective Order permitting the parties and third parties to designate documents, deposition and other testimony, information, and things as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" as defined below, and thereby protect such designated information from unauthorized use or disclosure;

4

NOW, THEREFORE, the parties hereby agree to the Terms and Conditions set forth below, and entry by the Court of this Protective Order.

**TERMS AND CONDITIONS**

1.  The terms and conditions of this Protective Order shall be applicable to and shall govern all information, documents and tangible things, regardless of medium or format, produced during the course of discovery in this Action, whether in response to a request, voluntarily, or pursuant to a rule, order, or other requirement ("Discovery Materials").

2.  "Confidential Information" as used herein means any information in any of the Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by one or more of the parties to this Action or a Non-Party responding to a subpoena served in this Action (referred to as the "Designating Party"). Additional Terms and Conditions used throughout shall include but are not limited to:

a.  "Information" means the content of Documents or Testimony.  "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

b.  "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

c.  "In-House Counsel" means attorneys who are employees of a Party or a Party's representative to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

d.  "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

e.  "Outside Counsel of Record" means attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm, which has appeared on behalf of that party, and includes support staff.

f.  "Party"  means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

g.      "Professional Vendors"   means persons or entities that provide litigation support services (e.g., photocopying, court reporting, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

h.      "Protected Material" means any Disclosure or Confidential Materials that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

i.      "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Designating Party.

j.      "Action" means the above entitled case, Case No. 1:21-cv-00970-JLT-EPG.

k.       "Documents" means "writings" as defined in California Evidence Code § 250, and all handwritten, printed, graphic, typed, electronically recorded, sound recorded, or computer readable materials, or other recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, assimilated or made, in any form which is or was in YOUR possession, custody, or control, whether the original, draft or any carbon, photographic or other copy, reproduction, or facsimile thereof, including, but not limited to, any and all records, files, writings, letters, minutes, correspondence, advertisements, mailgrams, telegrams, emails, bulletins, instructions, resolutions, charts, literature, work assignments, reports, sales brochures, memoranda, notations of telephone or personal conversations or conferences, messages, transcripts, contracts, agreements, cancelled checks, interoffice communications, calendars, daytimers, diaries, logs, notes, notebooks, ledgers, cards, drafts, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, records, statistics, speeches, and other writings, computer tapes, audiotapes, videotapes, sound records, data compilations from which information can be obtained or can be translated through detection devices into reasonably useable form, or any other tangible thing. The term "Documents" shall also mean each copy which is not identical to the original or to any other identified copy, including all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such Documents, whether used or not.

STIPULATED PROTECTIVE ORDER                    CASE NO: 1:21-CV-00970-JLT-EPG

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

3.     Confidential Information shall not be used or disclosed for any purpose other than the prosecution, defense, appeal or settlement of this Action.  Any use of such information for any other purpose, or any disclosure of such information to anyone not authorized under this Protective Order, is expressly prohibited and would constitute a material breach of this Order.

4.     Any party to this Action, or third-party that produces Discovery Materials in this Action, may designate such material as "CONFIDENTIAL" which it believes, in good faith, contains information that, if disclosed, would cause injury to its business or business relationships with others; that contain trade secrets or other confidential and non-public research, development or commercial information; that contain non-public personal information; or that contain other information for which a good faith claim of the need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law, including under Federal Rules of Civil Procedure 26(c). Pursuant to Local Rule 141.1(c)(1), the Parties understand and agree that the following constitutes a description in general terms of the types of information eligible for protection under this order under the "CONFIDENTIAL" description:

a.     Sensitive financial or business information that in the good faith belief of the Designating Party would harm the Designating Party if made public;

b.     Trade secret information; and

c.     Personally identifiable information.

5.     Any party to this Action or Non-Party that produces Discovery Materials in this Action may designate such material as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" if it believes, in good faith, that (i) the material contains or reflects confidential information that comprises highly sensitive technical, business or research information regarding products or services, and (ii) the information is so commercially sensitive that disclosure to the opposing party is likely to cause competitive harm to the Designating Party. Pursuant to Local Rule 141.1(c)(1), the parties understand and agree that the following constitutes a description in general terms of the types of information eligible for protection under this order under the "CONFIDENTIAL: ATTORNEYS' EYES ONLY" description:

7

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

a.       Sensitive financial or business information, that in the good faith belief of the Designating Party would harm the Designating Party if made known to the other Parties in this Action; and

b.       Trade secret information, that in the good faith belief of the Designating Party would harm the Designating Party if made known to the other Parties in this Action.

6.       The Designating Party shall not designate as Confidential Information any documents or things that are known by the Designating Party to be available to members of the general public.

7.       Hardcopy or electronic documents that any party or Non-Party wishes to designate as Confidential Information in this Action shall be marked by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" as applicable on each page of the document. If only a portion of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

8.       Electronically stored information in any form (including embedded data and metadata), whether oral, audio and/or visual (collectively, "Electronic Data") that any party or Non-Party wishes to designate as Confidential Information in this Action shall be marked by designating the Electronic Data as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" in a cover letter accompanying the production of the Electronic Data.  Where feasible, counsel for the Designating Party shall also mark the disk, tape or other electronic media on which the Electronic Data is produced with the appropriate designation.  If a Party reduces "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" Electronic Data to hardcopy form, it shall mark the hardcopy with the appropriate designation.  Whenever any Confidential Information Electronic Data is copied, all copies shall be marked with the appropriate designation.

9.       Deposition transcripts, or portions thereof, may be designated "CONFIDENTIAL" "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" (a) during the deposition, in which case the designated testimony shall be identified by page number in an index appearing at the end of the transcript; or (b) after the conclusion of the deposition, within ten (10) days of receipt of the final deposition transcript, by written notice to counsel of record for all parties.     The entire deposition transcript shall be treated as

8

"CONFIDENTIAL: ATTORNEYS' EYES ONLY" for ten (10) days after receipt of the final deposition transcript by counsel unless the Designating Party has earlier indicated a different designation. The front page of any deposition containing Confidential Information shall be marked by the court reporter as follows: "CONTAINS CONFIDENTIAL INFORMATION." The Designating Party shall have the right to have all persons except the deponent and his or her counsel, counsel of record for the named parties, the court reporter, and such other persons as are permitted under Paragraphs 10 and 11 below, excluded from a deposition, or any portion thereof, as appropriate, before the taking therein of testimony that the Designating Party designates as Confidential Information.

10.     Absent written consent from the Designating Party or unless otherwise directed by the Court, and subject to the provisions herein, information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

a.     Outside attorneys for a Party receiving Discovery Materials (referred to as a "Receiving Party"), and any staff, assistants, clerical employees, and information technology employees working under the direct supervision of such counsel;

b.     Officers and employees of a Receiving Party, and any person assisting such officers and employees, where the review of such "CONFIDENTIAL" materials or information is reasonably necessary and in connection with the prosecution, defense, appeal or settlement of this Action;

c.     The Court and its personnel in connection with the Court's administration and adjudication of this Action;

d.     Any outside expert or consultant to whom it is necessary to disclose Confidential Information for purposes of assisting in, or consulting with respect to, this litigation and who have executed the Declaration of Compliance attached hereto as Exhibit A, including but not limited to any mediator or settlement offer, and their supporting personnel, mutually agreed upon by the Parties; and

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

e.      Court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, for the purpose of assisting in this Action and who have executed the attached Declaration of Compliance.

11.     Absent written consent from the Designating Party or unless otherwise directed by the Court, and subject to the provisions herein, information designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

a.      Outside attorneys working on this Action for a Receiving Party, and any staff, assistants, clerical employees, and information technology employees working under the direct supervision of such counsel;

b.      The Court and its staff in connection with the Court's administration and adjudication of this Action;

c.      Any outside expert or consultant to whom it is necessary to disclose Confidential Information for purposes of assisting in, or consulting with respect to, this litigation and who have executed the attached Declaration of Compliance; and

d.      Court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, for the purpose of assisting in this Action and who have executed the attached Declaration of Compliance.

12.     Any person receiving Confidential Information or any Discovery Materials containing such information, shall take reasonable care to ensure that the information is not communicated or disclosed to anyone not authorized by Paragraphs 10 and 11 above to receive such information.

13.     Counsel for each party shall maintain a file containing the Declarations of Compliance (in the form of Exhibit A) executed by each person to whom disclosure of Confidential Information is made by such counsel and who is required to sign such Declaration pursuant to Paragraphs 10 and 11 above.

14.     The designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall not preclude any party from showing that document to any person (a) who appears as the author or as a recipient on the face of the document; (b) who has been

identified by the Designating Party as having been provided with the document; (c) who is a current employee or representative of the Designating Party called as a witness for deposition, hearing or trial in this Action; or (d) who is a former employee or representative of the Designating Party called as a witness for deposition, hearing, or trial in this Action and who had access to the document at the time employed by the Designating Party, if such access is apparent from the face of the document or confirmed by testimony.

15.     Nothing in this Protective Order shall affect the right of any Designating Party to maintain its own documents as it chooses, or to disclose or use for any purpose the documents or information produced and designated by it as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," subject to the right of a party to seek, where appropriate, removal of the "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" designation of such documents or information as a result of such disclosure or use.

16.     Nothing in this Protective Order shall limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived as a result of, this Action.

17.     Compliance with this Protective Order shall not be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any trade secret or confidential information of any other party or witness.  No party to this Action shall be obligated to challenge the propriety of any "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" designation by any other party or witness, and failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other Action to the propriety of such designations.

18.     Any party objecting to the designation of any information as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" must give counsel for the Designating Party written notice of the objection and its reasons for the objection, and the parties shall attempt in good faith to resolve their differences.  Failing resolution, the party challenging the designation may file a motion with the Court requesting that the challenged designations be changed.  In any such motion, the Designating Party shall bear the burden of proving that the challenged Discovery Materials were

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

1   appropriately designated pursuant to this Protective Order.  Until the Court rules on the motion, the

2   material shall be treated as designated by the Designating Party in accordance with this Protective

3   Order.

4         19.     Production of any Discovery Materials without a designation of "CONFIDENTIAL"

5   or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall not in and of itself be deemed a waiver

6   of any party's claim of confidentiality as to such matter.  The initial failure to designate Discovery

7   Materials in accordance with this Protective Order shall not preclude any Party or Non-Party, at a

8   later date, from designating such materials "CONFIDENTIAL" or "CONFIDENTIAL:

9   ATTORNEYS' EYES ONLY." A Party or Non-Party may, by written notice to counsel of record for

10  the Receiving Party or Parties, designate previously produced Discovery Materials as Confidential

11  Information.   Upon receipt of such notice, the Receiving Party shall thereafter treat the Discovery

12  Materials in accordance with the new designation, shall restrict the disclosure or use of such material

13  to those persons qualified under this Protective Order, and, if such material has previously been

14  disclosed to persons not qualified under this Protective Order, shall take reasonable steps to obtain

15  all such previously disclosed Confidential Information and advise such persons of the designation of

16  confidentiality.   If the Discovery Materials were originally produced in hard-copy format, the

17  Designating Party shall supply, at its own cost, replacement pages containing the new designation of

18  confidentiality.

19        20.     The inadvertent production or disclosure of any document or communication that is

20  subject to an attorney-client, attorney work product, or other privilege will not be deemed a waiver

21  of such privilege, provided that the Party entitled to assert such privilege notifies the parties to whom

22  such inadvertent disclosure or production was made promptly upon discovery of such inadvertent

23  disclosure.

24        21.     Within 14 days of receiving the notice of inadvertent production, the Receiving Party

25  may move the Court for an order that such Discovery Material is not protected from disclosure by

26  any privilege, law, or doctrine and may submit the Discovery Material at issue to the Court for filing

27  under seal in connection with that motion.  In any such motion, the Designating Party shall bear the

28  burden of proving that the challenged Discovery Materials are subject to an attorney-client, attorney

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

STIPULATED PROTECTIVE ORDER           CASE NO: 1:21-CV-00970-JLT-EPG

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

1   work product, or other privilege.   The Receiving Party shall not assert waiver due to the inadvertent

2   production as a ground for such motion.  While the motion is pending, the Receiving Party shall not

3   use or disseminate the challenged Discovery Material for any purpose other than such motion.

4         22.     In the event that either (a) the Party who has been notified of an inadvertent production

5   of protected Discovery Materials declines to file a motion with the Court challenging the claim that

6   the Discovery Materials are protected from disclosure, or (b) the Court determines that the Discovery

7   Materials are protected from disclosure, then the Receiving Party shall: (i) promptly destroy the

8   Discovery Material (or redact the protected portions of the Discovery Material in the event that the

9   entire Discovery Material is not claimed or found to be protected from disclosure) and all copies

10  thereof; (ii) permanently delete any electronic versions of the Discovery Material from any data

11  source, or any database it maintains; (iii) retrieve all paper copies of the Discovery Material provided

12  to any third parties, including experts and consultants; (iv) retrieve from third parties all electronic

13  copies contained on physical storage media where practicable, or if not, direct that any such electronic

14  versions be permanently deleted; (v) destroy portions of any notes that reveal the substance of the

15  protected information; and (vi) make no further use of the protected information.  In the event that

16  only a portion of the Discovery Material is claimed or found to be protected from disclosure, the Party

17  claiming protection shall produce a new version of that material with such information redacted.

18        23.     In the event that a Party wishes to use any Confidential Information, or any document

19  containing or making reference to the contents of such information, in any pleading or document filed

20  with the Court, the Party shall file a request to seal such information pursuant to Local Rule 141. If

21  the Court grants the request to seal, the information shall be maintained under seal consistent with

22  Local Rule 141.

23        24.     A courtesy copy of any document that is filed under seal and that is specifically

24  intended for review by the Court may be hand delivered to the Court without waiving or diminishing

25  in any way the protections of this Protective Order.  Any such courtesy copy shall be prominently

26  marked "CONFIDENTIAL – FILED UNDER SEAL AND CONTAINS INFORMATION

27  SUBJECT TO A PROTECTIVE ORDER."

28

STIPULATED PROTECTIVE ORDER                    CASE NO: 1:21-CV-00970-JLT-EPG

25.     The disclosure of Confidential Information covered by this Protective Order, whether pursuant to compelled discovery or otherwise, shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.  If any person or entity receiving Confidential Information is subpoenaed in another Action or proceeding, served with a document demand, or otherwise requested to provide material covered by this Protective Order, and such subpoena, document demand, or request seeks material which was produced or designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," the person receiving the subpoena, document demand, or request shall give written notice promptly (no more than five (5) business days after receipt) to counsel for the Designating Party and shall, to the extent permitted by law, withhold production of the material until any dispute relating to the production of such material is resolved.

26.     Unless otherwise agreed to in writing by an attorney of record for the Designating Party, within ninety days of the final adjudication (including any appellate proceedings) or other final disposition of this Action, all persons listed in Paragraphs 10 and 11 above, with the exception of Paragraphs 10(c) and 11(b), who received any materials containing information designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall, at the election of the Designating Party, either (a) assemble and return all Confidential materials in its possession, including all copies thereof, to the Designating Party, or (b) certify in writing that all such material has been destroyed.  If returned, the Designating Party shall acknowledge in writing the receipt of any returned material.  Counsel of record shall make reasonable efforts to ensure that any experts, consultants, and outside legal vendors it has retained abide by this provision.

27.     Notwithstanding the foregoing paragraph, outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, attorney work product, and all exhibits to any of the foregoing that reflect or contain Confidential Information, provided that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof and shall not disclose any such information to any person except pursuant to Paragraph 26 or the written consent of the Designating Party.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

STIPULATED PROTECTIVE ORDER                    CASE NO: 1:21-CV-00970-JLT-EPG

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

28.     Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under applicable law, material as to which a Party claims a legal obligation not to disclose, or material not required to be provided pursuant to applicable law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

29.     This Protective Order shall not prevent a Party from applying to the Court for further or additional protective orders or to modify the provisions of this Protective Order.

30.     The undersigned will treat Discovery Materials that are designated by a Non-Party as Confidential Information in accordance with the terms and conditions of this Protective Order regardless of whether the Non-Party is or becomes a signatory to this Protective Order.

31.     Any Party serving a subpoena in this Action on a Non-Party shall include with the subpoena a copy of this Protective Order.

32.     The confidentiality obligations imposed by this Protective Order, and this Court's jurisdiction over disputes relating to this Protective Order, shall survive termination of this Action and shall remain in effect unless otherwise expressly ordered by the Court.

Dated: March 11, 2022.               **HOLLAND & KNIGHT LLP**

                                     /s/ David I. Holtzman
                                     David I. Holtzman

                                     Attorneys for Plaintiff Foundation Auto Holdings, LLC

[SECTION BLANK – CONTINUED NEXT PAGE]

STIPULATED PROTECTIVE ORDER                    CASE NO: 1:21-CV-00970-JLT-EPG

1

2     Dated:  March 18, 2022.                    **KENNEDYS CMK LLP**

3                                                /s/ Susan F. Dent (as authorized on Mar. 17, 2022)
                                                 Susan F. Dent
4
                                                 Attorneys for Intervenor Templeton Marsh, Ltd.
5

6

7     Dated:  March 18, 2022.                    **MLG, A PROFESSIONAL LAW CORPORATION**

8
                                                 /s/ Matthew Van Fleet (as authorized Mar. 17, 2022)
9                                                Matthew Van Fleet

10                                               Attorneys for Defendants Weber Motors, Fresno, Inc.;
                                                 CJ's Road to Lemans Corp.; and Christopher John
11                                               Wilson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

16

STIPULATED PROTECTIVE ORDER                    CASE NO: 1:21-CV-00970-JLT-EPG

1

EXHIBIT A

2

3

DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER

4

5

I, _____ hereby certify my understanding that

6

Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES

7

ONLY" is being provided to me pursuant to the terms and restrictions of the Protective Order entered

8

in this Action by the United States District Court for the Eastern District of California on _____

9

, 2022 (the "Protective Order").  I have read and understand the terms of the Protective Order and I

10

agree to be fully bound by them.  I understand that any violations of the terms and conditions of the

11

Protective Order may be regarded as contempt of Court.  I hereby submit to the jurisdiction of the

12

United States District Court for the Eastern District of California for the purposes of enforcement of

13

this Protective Order.

14

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and

15

correct.  Executed this _____ day of _____, 2022.

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: 415.743.6900; Fax: 415.743.6910

STIPULATED PROTECTIVE ORDER                           CASE NO: 1:21-CV-00970-JLT-EPG

1

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: 415.743.6900; Fax: 415.743.6910

## <u>**ORDER**</u>

Pursuant to the stipulation of the parties (ECF No. 33), as modified to comply with Local Rule 141, the parties' Stipulated Protective Order is hereby approved.

IT IS SO ORDERED.

Dated:   **March 21, 2022**            /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER                    CASE NO: 1:21-CV-00970-JLT-EPG