UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNDATION AUTO HOLDINGS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> WEBER MOTORS, FRESNO, INC., *et al.*, <br><br> Defendants. | Case No.   1:21-cv-00970-JLT-EPG <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS <br><br> (ECF No. 91) |
| TEMPLETON MARSH, LTD., <br><br> Intervenor Plaintiff, <br><br> v. <br><br> WEBER MOTORS, FRESNO, INC., *et al.*, <br><br> Defendants. | |

In this civil action, Plaintiff Foundation Auto Holdings, LLC. ("Plaintiff"), and Intervenor Plaintiff Templeton Marsh, LTD., assert claims for breach of contract against Defendants Weber Motors, Fresno, Inc., CJ's Road to Lemans Corp., and Christopher John Wilson. (ECF Nos. 27, 42). Before the Court is Plaintiff's motion to compel seeking an order requiring Defendants to produce various documents, and request for sanctions, brought pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, and Local Rule 251. (ECF No. 91). For the reasons given below and stated on the record during the hearing on this matter, the Court grants Plaintiff's motion to

1

compel and request for sanctions.

## I.     BACKGROUND

Upon the request of the parties, the Court held an informal discovery dispute conference on April 26, 2024. (ECF No. 78). Following the conference, the Court granted Plaintiff permission to file a motion to compel and request for sanctions regarding Defendants' response to Plaintiff's Requests for Production of Documents. (ECF No. 79). The parties were directed to meet and confer regarding ongoing discovery disputes, and Defendant was ordered to provide Plaintiff with a date certain to produce documents, a privilege log, and dates for a deposition (*Id.*). The parties were also ordered to file a joint stipulation to make any necessary modifications to the Court's scheduling order. (*Id.*).

On May 10, 2024, the parties filed a joint stipulation to modify the Court's scheduling order. (ECF No. 81). In addition to proposing changes to the schedule, the stipulation included the following statement:

> At the IDC, the Court <u>Ordered</u> the parties to meet and confer regarding: a date certain for the production of documents in response to the Requests, a privilege log thereto, and any changes to the Court's scheduling order (ECF 79). The Parties met and conferred on May 3, 2024, and May 10, 2024, and agreed upon the following:
>
> 1. Defendants withdraw all objections to Foundation's Requests for Production, and will produce documents by July 1, 2024. As such, no Motion to Compel should be necessary at this time.

(*Id.* at 2).[1] On July 12, 2024, Plaintiff filed a motion to compel and request for sanctions. (ECF No. 91). Plaintiff's motion asserted that, despite the stipulation, Defendants have failed to produce any requested documents or timely object to the requests. (*Id.* at 6-7). Defendants filed an opposition on July 26, 2024, contending that their objections to the requests were proper. (ECF No. 93). Plaintiff filed a reply on August 1, 2024. (ECF No. 94). The Court held a hearing on Plaintiff's motion on October 24, 2024. (ECF No. 100).[2]

\\\

---

[1] Cited page numbers refer to the pagination at the bottom of each document, not the blue page numbers generated by the CM/ECF system.

[2] In advance of the hearing, the Court ordered Plaintiff to file a supplement to the motion to compel containing the text of each request at issue, followed by Defendants' objections and responses to each request. (ECF No. 97). Plaintiff filed the supplement on October 4, 2024. (ECF No. 99).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 34(a) permits a party to issue requests for documents that are in the responding party's possession, custody, or control and "within the scope of Rule 26(b)." In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Generally, "the moving party [must] inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Taylor v. O'Hanneson*, No. 1:11-CV-00538-LJO, 2014 WL 2696585, at *2 (E.D. Cal. June 13, 2014) "Broad discretion is vested in the trial court to permit or deny discovery. . . ." *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks omitted).

Rule 37(a)(5)(A) generally provides that if a motion to compel discovery is granted (or if disclosure or discovery is provided after filing the motion), then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

## III. ANALYSIS

For the reasons stated at the October 24, 2024, hearing, Plaintiff's motion to compel is granted in full except that Defendants may assert the attorney client privilege or work product regarding any documents filed since the commencement of this action on June 18, 2021.  The

3

Court found that Defendant had waived all objections to that discovery in its stipulation stating "Defendants withdraw all objections to Foundation's Requests for Production, and will produce documents by July 1, 2024. As such, no Motion to Compel should be necessary at this time." (ECF No. 81 at 2; *see also CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999) ("Because stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent") (citing *United States v. McGregor*, 529 F.2d 928, 931 (9th Cir. 1976)). Moreover, Defendants have not provided any privilege log in this case.

Thus, for the reasons stated at the hearing, the Court finds that sanctions for Plaintiff's reasonable expenses, including attorney fees, incurred in preparing the motion to compel are appropriate under Federal Rule of Civil Procedure 37(a)(5)(A).

### III. CONCLUSION AND ORDER

For the reasons given above, **IT IS ORDERED** as follows:

1. Plaintiff's motion to compel and request for sanctions (ECF No. 91) is **GRANTED** in full, except insofar as Defendants have not waived objections based on attorney client privilege or work product regarding any documents filed since the commencement of this action on June 18, 2021.

   a. By no later than thirty (30) days from the date of this order, Defendants must produce: (1) the requested documents, and (2) a privilege log, if any, reflecting privileged document post-dating the commencement of this action on June 18, 2021.

   b. By no later than November 7, 2024, Plaintiff shall file a statement identifying reasonable expenses, including attorney fees, that they incurred in filing the motion to compel. This statement should not include fees and costs related to Rule 30(b)(6) depositions or meet and confer efforts, such as discussions leading to the stipulation at ECF No. 81, but it may include fees and costs related to the October 24, 2024, hearing. Defendants may file any objections to Plaintiff's statement of expenses within seven (7) days of the filing of Plaintiff's statement. Objections are limited only to the amount(s) claimed by Plaintiff and/or to specific line items

Defendants believe are unrelated to the motion to compel.

2. Defendants shall coordinate with their three outstanding witnesses to secure dates for depositions. The depositions are to be held promptly following Defendants' production of documents pursuant to this order and Plaintiff's motion to compel.

3. By no later than November 7, 2024, Defendants shall file a status report with the Court regarding the status of scheduling these depositions.

IT IS SO ORDERED.

Dated:  **October 29, 2024**                   /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE