1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 FOUNDATION AUTO HOLDINGS, LLC, et al., | Case No.  1:21-cv-00970-JLT-EPG |
| 12 Plaintiff/Intervenor, | ORDER SETTING SETTLEMENT CONFERENCE |
| 13 v. | Settlement Statements due:  February 18, 2025 Settlement Conference: February 25, 2025 at 10:00 AM |
| 14 WEBER MOTORS, FRESNO, INC, et al., | |
| 15 Defendants. | |

17         At the parties' joint request, Magistrate Judge Christopher D. Baker will hold a settlement

18 conference on **February 25, 2025, at 10:00 a.m.**  Unless the parties request the conference to be

19 in-person, the Court will conduct the settlement conference via video conference.  The Zoom

20 settlement conference invitation will be distributed by the Court to the parties the week prior to the

21 conference date.[1]  The Court has reserved the entire day for this settlement conference and expects

22 the parties will proceed with the settlement conference in good faith and attempt to resolve all or

23 part of the case.  If any party believes that the settlement conference will not be productive, that

24 party shall so inform the court no less than three (3) days in advance of the settlement conference.

25         Unless otherwise permitted in advance by the Court, the following individuals must attend

26

27 [1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Cori Boren, Courtroom Deputy for Judge Baker, at CBoren@caed.uscourts.gov.

28

the settlement conference: (1) all of the attorney(s) who will try the case; and (2) individuals with full authority to negotiate and settle the case, on any terms. *See* Local Rule 270(f).

**No later than February 18, 2025**, each party must submit to Judge Baker's chambers at CDBorders@caed.uscourts.gov a confidential settlement conference statement. These statements should neither be filed on the docket nor served on any other party.

In compliance with Local Rule 270(d)-(e), the settlement statements will be used exclusively by Judge Baker to prepare for and conduct the settlement conference and not for any other purpose. If applicable, the statements should be marked "CONFIDENTIAL." *See* Local Rule 270(d).

The statements should not exceed ten (10) pages and must include:

(1) a brief recitation of the facts;

(2) a discussion of the strengths and weaknesses of the case, including the party's position on the factual and legal issues and brief review of the evidence to support that party's factual position;

(3) an itemized estimate of the expected costs for further discovery, pretrial, and trial matters, in specific dollar terms;

(4) the party's best estimate of the probability that it will prevail should this case proceed to trial;

(5) the party's best estimate of the damages or relief plaintiff may recover should this case proceed to trial and plaintiff prevail (in specific dollar terms and/or injunctive relief, if applicable);

(6) a history of settlement discussions (including a listing of any current settlement offers from any party, in specific dollar terms), a candid statement of the party's current position on settlement, including **the amount that it will give/accept to settle** (in specific dollar terms), and a statement of the party's expectations for settlement discussions;

(7) a list of the individuals who will be attending the settlement on the party's behalf, including names and, if appropriate, titles.

At the outset of the settlement conference, the undersigned may call upon the parties' counsel and the party representatives to briefly discuss their expectations for the conference and

other matters of mutual interest before the parties break into separate caucuses.

Notwithstanding the provisions of Federal Rule of Evidence 408, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

IT IS SO ORDERED.

Dated: __**January 21, 2025**__    _____

UNITED STATES MAGISTRATE JUDGE