1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT
8            EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10  FOUNDATION AUTO HOLDINGS, LLC., | Case No.   1:21-cv-00970-JLT-EPG |
| 11 | |
| 12                          Plaintiff, | ORDER AWARDING ATTORNEYS' FEES |
| 13          v. | (ECF No. 102) |
| 14  WEBER MOTORS, FRESNO, INC., *et al.,* | PAYMENT FROM DEFENDANTS TO PLAINTIFF DUE IN 60 DAYS |
| 15                          Defendants. | |
| 16  TEMPLETON MARSH, LTD., | |
| 17                          Intervenor Plaintiff, | |
| 18          v. | |
| 19  WEBER MOTORS, FRESNO, INC., *et al.,* | |
| 20                          Defendants. | |

21          In this civil action, Plaintiff Foundation Auto Holdings, LLC. ("Plaintiff"), and Intervenor

22   Plaintiff Templeton Marsh, LTD., assert claims for breach of contract against Defendants Weber

23   Motors, Fresno, Inc., CJ's Road to Lemans Corp., and Christopher John Wilson. (ECF Nos. 27,

24   42).  The Court previously granted Plaintiff's motion to compel, ordering the Defendants to

25   produce various documents, and granting Plaintiff's request for sanctions. (ECF Nos. 91, 101).

26   The Court's order requested Plaintiff to file a statement identifying reasonable expenses,

27   including attorneys' fees, that it incurred in filing the motion to compel no later than November 7,

28
                                            1

2024.  (*Id.* at 4).  Plaintiff submitted a Declaration stating that its total attorneys' fees sought for its motion to compel are $29,129.50.  (ECF No. 102 at 2).

For the reasons set forth below, the Plaintiff is awarded attorneys' fees in the amount of $12,463.13.  Defendants shall pay sanctions in that amount no later than 60 days from the date of this order.

## I.    BACKGROUND

### A.    The Court's Order

On October 29, 2024, the Court granted the Plaintiff's motion to compel in full, "except insofar as Defendants ha[d] not waived objections based on attorney client privilege or work product regarding any documents filed since the commencement of this action on June 18, 2021." (ECF No. 101 at 4).  The Defendants were ordered that "[b]y no later than thirty (30) days from the date of [the] order, [they] must produce: (1) the requested documents, and (2) a privilege log, if any, reflecting privileged document post-dating the commencement of this action on June 18, 2021."  (*Id.*).  Plaintiff was ordered to "file a statement identifying reasonable expenses, including attorney fees, that they incurred in filing the motion to compel" no later than November 7, 2024. (*Id.*).  It was also notified that "[the] statement should not include fees and costs related to Rule 30(b)(6) depositions or meet and confer efforts, such as discussions leading to the stipulation at ECF No. 81, but it may include fees and costs related to the October 24, 2024, hearing."  (*Id.*). Defendants were told that they may "file any objections to Plaintiff's statement of expenses within seven (7) days of the filing of Plaintiff's statement. Objections are limited only to the amount(s) claimed by Plaintiff and/or to specific line items [they] believe are unrelated to the motion to compel."  (*Id.* at 4-5).

The amount of fees is now ripe and before the Court.

### B.    Declaration

On November 4, 2024, Plaintiff filed a Declaration stating that it "originally sought $32,502.00 in estimated fees and costs associated with preparing for and bringing its Motion. After review of [its] legal invoices, [it] has incurred **$29,129.50** in attorneys' fees relating to the Motion to Compel Production of Documents."  (ECF No. 102 at 2) (emphasis in original).

Plaintiff says that it paid the following invoices for attorneys' fees related to the motion to

compel:

　　　　　• **Exhibit 1** - August 5, 2024, Invoice 33439089: **$24,536.00**

　　　　　• **Exhibit 2** - September 6, 2024, Invoice 33461928: **$2,338.50**

　　　　　• **Exhibit 3** – October 3, 2024, Invoice 33483660: **$2,255.00**

(*Id.* at 3).[1]

　　　　　Plaintiff further states that:

　　　　　This amount is conservative and **does not include** the time Holland & Knight spent
preparing for and attending the hearing on October 24, 2024. Foundation also does
**not seek** fees for split time entries. Several entries, in the attached invoices, include
work for matters both related and unrelated to the Motion to Compel Production. In
strict compliance with the Court's Order, Foundation does not seek any fees for
these split entries and the below entries are **not** included in Foundation's request for
sanctions:

　　　　　• July 9, 2024, David I. Holtzman totaling $1,640.00 - **Exhibit 1**.

　　　　　• July 13, 2024, David I. Holtzman totaling $1,537.50 - **Exhibit 1**.

　　　　　• July 23, 2024, David I. Holtzman totaling $512.50 - **Exhibit 1**.

(*Id.* at 2) (emphasis in original).

　　　　　The Declaration also provides that "[t]he hourly rates of the [five] attorneys who worked
on this matter are:

　　　　　• Associate Isabella Granucci: $630.00

　　　　　• Associate Ana Dragojevic: $725.00

　　　　　• Associate Andrew Klair: $775.00

　　　　　• Partner Daniel P. Kappes: $1,025.00

　　　　　• Partner David I. Holtzman: $1,025.00

(*Id.* at 3).

　　　**C.** 　**Opposition**

　　　　　On November 11, 2024, Defendants filed a response in opposition to the Declaration.
(ECF No. 103). They argue that "Plaintiff has submitted three heavily redacted invoices totaling
an ***astronomical*** $29,129.50 – for what amounts to nothing more than a boilerplate motion to
compel document production. The sheer extravagance of deploying three associates and two

---

[1] Plaintiff also says that "[i]nvoices have not been issued for work done after September 24, 2024,
and those costs are not sought here, like the fees incurred attending the Motion hearing." (ECF No. 2 at
3).

1    partners to prepare what should have been a *straightforward* motion defies logic and reason."

2    (*Id.* at 5).  They further argue that "[t]he requested fees are patently excessive, blatantly

3    duplicative, critically lacking in detail within their billing descriptions, and fundamentally

4    *unreasonable* under the Court's clear directive."  (*Id.*).

5         Defendants also assert "[t]he use of block billing alone raises serious concerns, but when

6    combined with the unnecessary staffing of five attorneys – three associates and two partners – for

7    a routine motion to compel, it reveals a pattern of systematic inefficiency and egregious

8    overbilling at Defendants' expense."  (*Id.* at 5-6).  Defendants ask that the Court "to subject these

9    invoices to the most exacting *scrutiny* possible" and "to exercise its discretion by dramatically

10   *reducing* these inflated fees to ensure strict compliance with both established legal standards and

     the Court's previous order."  (*Id.* at 6).

11        Furthermore, Defendants point out that "the actual sum of these invoices . . . amounts to

12   $32,819.50 – an unexplained discrepancy."  (*Id.* at 8).

13        Additionally, Defendants make several specific objections to Plaintiff's various billing

14   entries.  Defendants object to Plaintiff's billing entries that relate to conversations regarding

15   settlement with the Intervenor Plaintiff.  (*Id.* at 9-11).  Defendants also point out that a portion of

16   Isabella Granucci's 7/10/24 billable entry pertains to research on the issue of damages, which is

17   not related to the motion to compel.  (*Id.* at 11).  They further argue that certain portions of the

18   bill are redacted, making the entries vague.  (*Id.* at 12).  Finally, Defendants argue that Plaintiff

19   wrongfully submitted the bill of its counsels' meet and confer efforts.  (*Id.* at 13).

20        **D.    Reply**

21        On November 11, 2024, Plaintiff filed a reply.  (ECF No. 104).  Plaintiff first asserts that

22   the discrepancy between the total amount of the invoices ($32,819.50) versus the total amount

23   requested ($29,129.50) "is neither unexplained nor egregious."  (*Id.* at 2).  Plaintiff explains that

24   it "does not seek fees for split time entries" and that "[i]n strict compliance with the Court's

25   Order, Foundation does not seek any fees for these split entries."  (*Id.* at 2 (citing ECF No. 102 at

26   4)).

27        Plaintiff also replies that its "legal team relating to this motion consisted of only two

28   partners and two associates (one of whom has only a single time entry) Ms. Dragojevic is listed

                                              4

on the invoices as participating in the case, but has no time related to the Motion to Compel. Mr. Klair has a single time entry for 1.4 hours."  (*Id.* at 2-3).

## II.    LEGAL STANDARDS

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).  Rule 37(a)(5)(A) generally provides that if a motion to compel discovery is granted (or if disclosure or discovery is provided after filing the motion), then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

The fee applicant bears a burden to establish that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  An applicant meets this burden by producing "satisfactory evidence—in addition to the attorney's own affidavits— that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*; *see also Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110-11 (9th Cir. 2014) ("Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community ... are satisfactory evidence of the prevailing market rate.").  "Though affidavits provide satisfactory evidence of the prevailing market rate, they are not conclusive." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).  Courts rely on their own familiarity with the market in the district where the court sits.  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (2011); *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.") (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)).

## III.    ANALYSIS

The Court now addresses each of the issues raised by Defendants in order to determine the reasonable amount of fees owed to Plaintiff.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.  Bill Discrepancy

Defendants assert that "the actual sum of these invoices . . . amounts to $32,819.50 – an unexplained discrepancy" from the total Plaintiff seeks, which is $29,129.50.  (*Id.* at 8).  Plaintiff explains that it "does not seek fees for split time entries" and that "[i]n strict compliance with the Court's Order, Foundation does not seek any fees for these split entries."  (*Id.* at 2 (citing ECF No. 102 at 4)).  In its Declaration, Plaintiff specifically said that it does not seek fees for the following entries:

> • July 9, 2024, David I. Holtzman totaling $1,640.00 - **Exhibit 1**.

> • July 13, 2024, David I. Holtzman totaling $1,537.50 - **Exhibit 1**.

> • July 23, 2024, David I. Holtzman totaling $512.50 - **Exhibit 1**.

(ECF No. 102 at 2) (emphasis in original).

Based on the Court's calculation, Plaintiff is correct that the total for all the invoices is $29,129.50.  ($32,819.50 for all the provided invoices minus three entries—David I. Holtzman's July 9, 2024 entry totaling $1,640.00; his July 13, 2024 entry totaling $1,537.50; and his July 23, 2024, totaling $512.50 equates to $29,129.50).  Accordingly, the Court finds that there is no discrepancy.

### B.  Specific Objections

#### 1.  The 7/2/24 and 7/9/24 entries by David Holtzman

Defendants object to "[t]he entry on 7/2/24 by David Holtzman [which] includes 1.2 hours for: 'Discussion with other attorneys regarding motion to compel; begin outline of same; begin research in support of same; correspond with intervenor regarding settlement and motion to compel.'"  (*Id.* at 9).  Setting aside Defendants' objections to the block billing (discussed below), Defendants argue that "[i]t is, nevertheless, clear that corresponding with intervenor is not related to the preparation of the motion to compel." (*Id.* at 9-10).

Similarly, Defendants object to the entry on 7/9/24 by David Holtzman includes "1.6 hours for: '[Redacted entry]; telephone call with other attorney regarding same and motion to compel; review and revise motion to compel; telephone call with other attorney regarding revisions and requirements of local rules; review Order from Court setting settlement conference.'" (*Id.*).  Defendants argue that the invoice "includes irrelevant entries referencing a

1    review of the Court Order related to setting a settlement conference – tasks wholly unrelated to

2    the motion to compel." (*Id.* at 10-11).

3        Plaintiff does not reply to either of Defendants' objections regarding its billing for

4    conversations with the Intervenor Plaintiff. (*See generally* ECF No. 104). However, Plaintiff did

5    state in its original Declaration that it is not seeking fees for the July 9, 2024 entry by David

6    Holtzman. (ECF No. 102 at 2). Therefore, because Plaintiff is not seeking attorneys' fees for

7    David Holtzman's July 9 entry, the Court finds no deduction is warranted.

8        Turning now to the Defendants' objection to David Holtzman's July 2 billable entry, the

9    Court agrees that Plaintiff's discussion with Intervenor Plaintiff regarding a settlement does not

10   relate to the motion to compel. Consequently, the Court will deduct .2 hours from David

11   Holtzman's July 2 billable entry, and the total time for this billable entry will be calculated as one

(1) hour.

12        **2.    The 7/10/24 entry by Isabella Granucci**

13        Defendants object to the entry for 7/10/24 by Isabella Granucci that "includes 1.4 hours

14   for: 'Proofread and revise discovery motion and declaration; research and analyze case law re

15   financial records being used to prove damages; confer with A. Klair re exhibits for discovery

16   motion.'" (ECF No. 103 at 11). Defendants point out that the entry "includes time for legal

17   research and case law analysis regarding financial records used to prove damages – a task

18   explicitly outside the scope permitted by the Court's Order." (*Id.*).

19        The Court agrees that the time billed for legal research on the issue of damages is outside

20   the scope of the motion to compel. Accordingly, the Court will reduce Isabella Granucci's July

21   10 entry by one-half (.5) hour. The Court will calculate this billable entry as .9 hours.

22        **3.    The 7/13/24 entry by David Holtzman**

23        Defendants object to David Holtzman's July 13, 2024 billable entry that includes 1.5

24   hours for: "[Redacted] review final motion for leave to file and motion to compel; [Redacted]."

25   (*Id.* at 12). Defendants argue that "[s]pending this amount of time merely to review a finalized

26   motion is plainly excessive and unjustified." (*Id.*). Defendants also assert that "[t]his entry lacks

27   any meaningful detail and appears inflated, warranting an immediate reduction. Such overbilling

28   is unreasonable and should not be permitted." (*Id.*).

7

In its Declaration, Plaintiff said that it is not seeking fees for the July 13, 2024 entry by David Holtzman.  (ECF No. 102 at 2).

Because Plaintiff is not seeking attorneys' fees for this entry, the Court finds no deduction is warranted.

### 4.  The 7/26/24 entry by Dan Kappes

Defendants object to this entry which "includes .8 hours for: 'Review Wilson opposition to motion to compel and sanctions, call D. Holtzman, compare argument against stipulation, and counsel declaration in support of same.'"  (ECF No. 103 at 13).  Defendants argue that "this entry blatantly disregards the Court's Order, which excludes billing for meet and confer efforts related to the stipulation."  (*Id.*).

The Court's October 29 order specifically stated that the Plaintiff's statement of fees "should not include fees and costs related to Rule 30(b)(6) depositions or meet and confer efforts, such as discussions leading to the stipulation at ECF No. 81, but it may include fees and costs related to the October 24, 2024, hearing."  (ECF No. 101 at 4).  Hence, the Court did not prohibit recovery for any activity related to the stipulation—instead, the Court ordered that Plaintiff could not recover for specific efforts to meet with Defendants leading to the joint stipulation. Therefore, the Court will not deduct fees for this reason.

### C.  Block Billing

Defendants repeatedly object to different billable entries based on the use of block billing. (*See generally* ECF No. 103).

"Block billing is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'"  *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n. 15 (10th Cir 1996)).

Here, nearly all of Plaintiff's time entries that are submitted for recovery are block billed, in that they do not indicate specific time per each specific task.  However, the Court disagrees that the use of block billing alone renders the entries unreasonable.  Plaintiff has represented that all the work in these entries concerned the motion to compel and are recoverable under the Court's

order.  Moreover, Defendants have not presented any reasoned argument as to why any entry, whether individual or combined, is unreasonable in the amount of time spent.  The Court has also generally reviewed the content of the entries and does not find that they are unreasonable.  *See Mozingo v. Oil States Energy Servs.*, No. CV 15-529, 2018 U.S. Dist. LEXIS 158780, at *29 (W.D. Pa. Sept. 18, 2018) ("A court may accept a block billed entry 'if there is a reasonable correlation between the various activities listed in a block and the time spent completing those tasks.'") (citation omitted).

Therefore, the Court declines to reduce Plaintiff's billable hours merely because the entries were block billed.

**D. Number of Attorneys**

The Court has also considered Defendants' objection that five attorneys participated in the motion to compel.  Specifically, Defendants argues that "the sheer extravagance of deploying three associates and two partners to prepare what should have been a straightforward motion defies logic and reason."  (ECF No. 103 at 5) (emphasis omitted).

Plaintiff replies that its "legal team relating to this motion consisted of only two partners and two associates (one of whom has only a single time entry) Ms. Dragojevic is listed on the invoices as participating in the case, but has no time related to the Motion to Compel. Mr. Klair has a single time entry for 1.4 hours."  (ECF No. 104 at 2-3).

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."  *Welch*, 480 F.3d at 948 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)).  A court may reduce the amount of requested fees if it provides an adequate explanation for its fee calculation.  *Ryan v. Editions Ltd. W. Inc.*, 786 F.3d 754, 763 (9th Cir. 2015).  Additionally, where five or more attorneys worked on a straightforward task, courts have been known to reduce the hours worked by counsel.  *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ("[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do.").

9

The use of multiple attorneys does not necessarily render the fees unreasonable. However, it does call into question whether attorneys are billing for duplicate tasks.

The Court has reviewed the bills and finds that some reduction is warranted for this reason. Although Plaintiff submits that "Mr. Klair has a single time entry for 1.4 hours," Andrew Klair actually has three entries related to the motion to compel: an entry on 7/9/24 for .6 hours, an entry on 8/1/24 for 1.4 hours, and an entry 9/20/24 for .5 hours. (ECF No. 102 at 7, 15, 22). Therefore, it is fair to say that two partners and two associates were involved with the motion to compel. Additionally, the Court notes that multiple partners were involved with the motion to compel at a time, sometimes billing for working on the same task in a single day. *See id.* at 10 (two partners working on the reply for the motion to compel); ECF No 102 at 22 (two attorneys reviewing the same order by the Court); *id.* at 7-8 (four different attorneys working on a draft of the motion to compel).

While Plaintiff may choose to utilize multiple attorneys to do the work necessary for such a motion, it is unreasonable to make Defendants pay for each of these attorneys to review each material. *See Reed*, 388 F.3d at 1286. Thus, the Court believes that an adjustment to all fees is warranted for this reason. Therefore, the Court will impose a reduction of 25% on the total fees to account for this issue.

### E. Reasonable Hourly Rate

Plaintiff's counsel seeks attorneys' fees of $630.00 for Associate Isabella Granucci; $725.00 for Associate Ana Dragojevic; $775.00 for Associate Andrew Klair; $1,025.00 for Partner Daniel P. Kappes; and $1,025.00 for Partner David I. Holtzman. (ECF No. 102 at 3).

Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Here, that is the Fresno Division of the Eastern District of California. *Beard v. Cnty. of*

10

*Stanislaus*, No. 1:21-CV-00841-ADA-SAB, 2023 U.S. Dist. LEXIS 8129, at *38 (E.D. Cal. Jan. 17, 2023) ("The lodestar amount is to be determined based upon the prevailing market rate in the relevant community, which in this matter is the Fresno Division of the Eastern District of California.") (internal citation omitted).

Plaintiff's requested hourly rates of $630.00, $725.00, and $1025.00 are not reasonable for the relevant community. (*See* ECF No. 102). Hourly rates for attorney fees awarded in the Eastern District of California range from $200 to $750, with hourly rates exceeding $600 reserved for attorneys who have been practicing approximately 30 years. *See, e.g., Cianchetta v. BMW of N. Am.*, No. 2:20-cv-00241-KJM-JDP, 2022 U.S. Dist. LEXIS 106771, at *14 (E.D. Cal. Jun. 13, 2022) (reducing the hourly rate for attorneys in their first year of practice to $200); *Seebach v. BMW of N. Am., LLC*, No. 2:18-cv-00109-KJM AC, 2020 U.S. Dist. LEXIS 152330, at *8 (E.D. Cal. Aug. 21, 2020) (awarding the hourly rates of $200 for an attorney who had been admitted to practice less than two years, and $505 for an attorney "with roughly 20 years of experience" in 2020); *Siafarikas v. Mercedes-Benz USA, LLC*, No. 2:20-cv-01784-JAM-AC, 2022 U.S. Dist. LEXIS 206020, at *8 (E.D. Cal. Nov. 10, 2022) (approving the hourly rate of $250 for an attorney "who has practiced law for three years" and $500 for an attorney who had practiced law for 21 years).

Therefore, the Court will reduce Plaintiff's counsels' rates as follows:

• Associate Isabella Granucci: $300.00 per hour

• Associate Ana Dragojevic: $375.00 per hour

• Associate Andrew Klair: $375.00 per hour

• Partner Daniel P. Kappes: $650.00 per hour

• Partner David I. Holtzman: $650.00 per hour

The total calculation of billable entries is added up in the document attached to this order.[2]

\\\

---

[2] The Court is attaching to this order a statement of all entries and how the court applied the adjustments set forth.

IV.    **CONCLUSION AND ORDER**

For the foregoing reasons, sanctions previously ordered by the Court on October 29, 2024 (ECF No. 101) shall be paid as follows:

No later than 60 days from the date of this order, April 7, 2025, Defendants shall pay Plaintiff $12,463.13.

IT IS SO ORDERED.

Dated:   **February 6, 2025**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## ATTACHMENT TO THE COURT'S ORDER (ECF NO. 131)

The new calculations for Plaintiff's counsels' August 5, 2024 Invoice (33439089) are as follows:

| Date | Professional | Description | Hours | Rate | Total[3] |
|---|---|---|---|---|---|
| 07/02/24 | David I. Holtzman | Discussion with other attorneys regarding motion to compel; begin outline of same; begin research in support of same; correspond with intervenor regarding settlement and motion to compel | 1.00[4] | 650.00 | 487.50 |
| 07/02/24 | Dan P. Kappes | Team discussion re. motion to compel for Defendants' failure to produce and violation of Court order; outline motion | 0.40 | 650.00 | 195.00 |
| 07/03/24 | Isabella Granucci | Confer with D. Holtzman and A. Klair re discovery motion; Research and analyze Local Rules for discovery motion; Draft motion for leave to file discovery motion; Send same to A. Klair for review and revising | 1.60 | 300.00 | 360.00 |
| 07/09/24 | Dan P. Kappes | Draft Motion to Compel and Request for Sanctions for Defendants' failure to produce by July 1 discovery deadline; review and redact invoices, assign tasks and projects to associate team and review; review, edit, and revise | 4.70 | 650.00 | 2,291.25 |

27
28

---

[3] The Total accounts for the Court's twenty-five (25) percent reduction in Section III(D).
[4] The hours for this entry were reduced in Section III(B)(2) of the Order.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | Kappes declaration in support of motion; call with D. Holtzman re: Local Rule 251 disagreement; participate in Court follow-up conference. | | | |
| 07/09/24 | Isabella Granucci | Draft and revise Declaration of D. Kappes in support of request for attorneys' fees; Calculate attorneys' fees billed to date for use in same; Review and revise discovery motion; Confer with D. Kappes re same; Review docket to confirm filings for proper citations in motion; Update and verify correct citations in motion. | 3.10 | 300.00 | 697.50 | |
| 07/09/24 | Andrew Klair | Confer with team re status on motion to compel and review initial draft thereof; review documentary evidence and confer with I. Granucci re use of same in upcoming motion to compel. | 0.60 | 375.00 | 168.75 | |
| 07/10/24 | David Holtzman | Continue work on motion to compel; discussion with other attorneys regarding compliance with local rule 251; continue work on assessment of manufacturer approvals. | 1.20 | 650.00 | 585.00 | |
| 07/10/24 | Isabella Granucci | Proofread and revise discovery motion and declaration; Research and analyze case law re financial records being used to prove damages; Confer with A. Klair re exhibits for discovery motion. | .90[5] | 300.00 | 202.50 | |
| 07/11/24 | David Holtzman | Revise motion to compel; telephone call with other attorney regarding same; revise | 1.50 | 650.00 | 731.25 | |

[5] The hours for this entry were reduced in Section III(B)(2) of the Order.

| | | | | | |
|---|---|---|---|---|---|
| | | declaration in support of same; telephone call with other attorney regarding revisions to same; telephone call with other attorney regarding exhibits. | | | |
| 07/11/24 | Dan P. Kappes | Finalize Kappes Declaration in support of motion to compel and request for sanction; finalize and proof motion for same; confirm exhibits and redactions of attorney invoices, call with D. Holtzman re. proposes revisions; coordinate filing of same. | 1.30 | 650.00 | 633.75 |
| 07/11/24 | Isabella Granucci | Revise and finalize discovery motion and corresponding declaration; Research and find all documents cited in motion and compile exhibits; Confer with D. Holtzman about revisions to motion; Send all moving papers to team for final review. | 2.60 | 300.00 | 585.00 |
| 07/12/24 | Dan P. Kappes | Work and coordinate with associates and practice assistant on filing motion to compel and request for sanctions, review edited same, and read and respond to emails re. same | 0.30 | 650.00 | 146.25 |
| 07/12/24 | Isabella Granucci | Revise and finalize motion and declaration for filing; Coordinate and oversee filing and service of same; Draft separate statement in support of motion; Confer with D. Holtzman re same | 2.00 | 300.00 | 450.00 |
| 07/17/24 | David I. Holtzman | Review Order from Court regarding informal discovery conference and briefing schedule for motion to compel | 0.30 | 650.00 | 146.25 |

| Date | Professional | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| 07/26/24 | David I. Holtzman | Review opposition brief; telephone call with other attorney regarding same. | 0.40 | 650.00 | 195.00 |
| 07/26/24 | Dan P. Kappes | Review Wilson opposition to Foundation's motion to compel and sanctions; call with D. Holtzman, compare argument against stipulation, and counsel declaration in support of same. | 0.80 | 650.00 | 390.00 |
| 07/29/24 | Isabella Granucci | Review and analyze Defendants' opposition to our Motion to Compel | 0.30 | 300.00 | 67.50 |
| 07/31/24 | David I. Holtzman | Review and revise reply; correspond with other attorneys regarding same; research in support of same | 1.80 | 650.00 | 877.50 |
| 07/31/24 | Dan P. Kappes | Draft first draft of Reply in support of Motion to Compel and for Sanctions, review D. Holtzman redlines and revisions, and coordinate with associates for filing of same. | 2.70 | 650.00 | 1,316.25 |
| 07/31/24 | Isabella Granucci | Review and analyze draft of reply to Defendant's opposition to our motion to compel; Confer with A. Klair re same. | 0.20 | 300.00 | 45.00 |

(ECF No. 102 at 5-11).

The total adjusted bill for the August 5 Invoice is $10,571.25.

The relevant entry logs from the September 6, 2024, Invoice (33461928) are adjusted as follows:

| Date | Professional | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| 08/01/24 | Dan P. Kappes | Team emails re. filing of Reply | 0.20 | 650.00 | 97.50 |

| 08/01/24 | Isabella Granucci | Review and analyze revisions to reply ISO motion to compel. | 0.20 | 300.00 | 45.00 |
| 08/01/24 | Andrew Klair | Final review and edits to reply in support of motion to request leave to file motion to compel and file and serve the same. | 1.40 | 375.00 | 393.75 |
| 08/01/24 | David I. Holtzman | Review final reply; correspond with other attorneys regarding same. | 0.90 | 650.00 | 438.75 |

The total adjusted bill for the September 6 Invoice is $975.00

The relevant entry logs from the October 3, 2024 Invoice (33439089) are adjusted as follows:

| **Date** | **Professional** | **Description** | **Hours** | **Rate** | **Total** |
| --- | --- | --- | --- | --- | --- |
| 09/20/24 | David I. Holtzman | Review correspondence from Court regarding oral argument date; correspond with other attorney regarding same. | 0.40 | 650.00 | 195.00 |
| 09/20/24 | Andrew Klair | Review minute order by Court regarding hearing on motion to compel; review prior discovery responses and begin preparing document in compliance with Court Order. | 0.50 | 375.00 | 140.63 |
| 09/22/24 | David I. Holtzman | Final review and edits to reply in support of motion to request leave to file motion to compel and file and serve the same. | 0.50 | 650.00 | 243.75 |
| 09/23/24 | Isabella Granucci | Review final reply; correspond with other attorneys regarding same. | 1.00 | 300.00 | 225.00 |
| 09/24/24 | Isabella Granucci | Finish compiling all discovery requests and responses; Finalize same and send to A. Klair for review. | 0.50 | 300.00 | 112.50 |

17

|  |  |  |  |  |  |
|--|--|--|--|--|--|
|  |  |  |  |  |  |

The total adjusted calculation for the October 3 Invoice is $916.88.

Adding together the three invoices, Plaintiff's bill for attorneys' fees related to the motion to compel is accordingly adjusted to $12,463.13.

18