1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                         EASTERN DISTRICT OF CALIFORNIA

9

10   FOUNDATION AUTO HOLDINGS,              Case No.  1:21-cv-00970-EPG
     LLC.,
11
                    Plaintiff,
12
                                            ORDER GRANTING INTERVENOR
          v.                                PLAINTIFF'S MOTION TO COMPEL AND
13                                          REQUEST FOR SANCTIONS
     WEBER MOTORS, FRESNO, INC., *et al.*,
14                                          (ECF No. 129)
                    Defendants.
15

16   TEMPLETON MARSH, LTD.,

17                  Intervenor Plaintiff,

18        v.

19   WEBER MOTORS, FRESNO, INC., *et al.*,

20                  Defendants.

21
22          In this civil action, Plaintiff Foundation Auto Holdings, LLC. ("Plaintiff"), and Intervenor

23   Plaintiff Templeton Marsh, LTD., assert claims for breach of contract against Defendants Weber

     Motors, Fresno, Inc., CJ's Road to Lemans Corp., and Christopher John Wilson. (ECF Nos. 27,
24
     42).  Before the Court is Intervenor Plaintiff's motion to compel, seeking an order requiring
25
     Defendants to produce various documents, and request for sanctions, brought pursuant to Rule 37
26
     of the Federal Rules of Civil Procedure, and Local Rule 251. (ECF No. 129).
27
            For the reasons given below and because this motion is unopposed, the Court grants
28

                                                 1

Plaintiff's motion to compel and request for sanctions.

**I.      BACKGROUND**

    **A. Early History of Case**

On June 18, 2021, Plaintiff filed a complaint, naming as Defendants Weber Motors, Fresno, Inc., CJ's Road to Lemans Corp., and Christopher John Wilson.  (ECF No. 1).  The complaint alleged that Wilson used Templeton Marsh, a Canadian automobile consulting firm, to assist in finding a partner to become the majority owner of Weber Motors, Fresno, Inc., and CJ's Roads to Lemans Corp.  (*Id.* at 3).  The complaint also alleges that after Templeton Marsh contacted Foundation regarding the opportunity for Foundation to become the majority owner of Weber Motors, Fresno, Inc., and CJ's Roads to Lemans Corp, Defendants and Foundation entered into an asset purchase agreement.  (*Id.* at 3, 4).  Plaintiff Foundation brings one claim for breach of contract against all Defendants for their alleged breach of the asset purchase agreement.  (*Id.* at 3, 13).[1]

On September 15, 2021, Templeton Marsh, Ltd., filed a motion to intervene, asserting that intervention was mandatory under Rule 24(a).  (ECF No. 16).  On December 8, 2021, the undersigned issued Findings and Recommendations that the motion to intervene as of right under Rule 24(a)(2) be granted, which the district judge[2] adopted on January 26, 2022.  (ECF Nos. 23, 26).

On February 23, 2022, Intervenor Plaintiff filed its complaint, asserting one claim for breach of contract against the same Defendants, and alleging that Defendants failed to perform their obligations under their Representation Agreement.  (ECF No. 27 at 5).

    **B. Intervenor Plaintiff's Motion to Compel**

On January 31, 2025, Intervenor Plaintiff filed a "Motion to Compel Production of Documents and Responses; Request for Sanctions."  (ECF. No. 129).  In the motion, Intervenor Plaintiff states that "Defendants did not provide any responses at all, nor have they produced any of the requested documents."  (*Id.*).  Because of this, Intervenor Plaintiff says that it "is now

---

[1] After being granted leave to amend by the district judge, on November 1, 2022, Foundation filed its First Amended Complaint, which contains the same breach of contract claim against Defendants.  (ECF No. 42).

[2] At that time, this case was still assigned to a district judge.  However, because the parties all recently consented to magistrate jurisdiction, this case has been reassigned to the undersigned.  (ECF No. 145).

entitled to objection-less responses as well as documents produced in their native format, in an organized, labelled, manner pursuant to federal rule of civil procedure 34" and "discovery sanctions are warranted against defendants." (*Id.* at 4). Intervenor Plaintiff also "requests that the Court award it $2,065 for its reasonable expenses incurred in bringing and arguing this motion." (*Id.* at 2).

### C. Intervenor Plaintiff's February 20 Notice

After no opposition was filed, on February 20, 2025, Intervenor Plaintiff filed a "Notice of No Opposition Having Been Filed to Its Motion To Compel Production Of Documents And Responses; Request For Sanctions." (ECF No. 136). In the notice, Intervenor Plaintiff states that "[p]ursuant to Local Rule 230(c), 'No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.'" (*Id.* at 2 (citing L.R. 230(c)). It then asks that its motion be granted as unopposed, and sanctions be awarded in the sum of $ 2,065. (*Id.* at 2).

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 34(a) permits a party to issue requests for documents that are in the responding party's possession, custody, or control and "within the scope of Rule 26(b)." In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). For purposes of discovery, relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

The party seeking to compel discovery responses must make a threshold showing that the discovery sought is relevant. *See, e.g., Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.,* 981 F.2d 429, 438-39 (9th Cir. 1992). Once relevancy is shown, or if relevancy is plain from the face of the request, the party who is resisting discovery has the burden to show that discovery should not be allowed. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975); *see Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").

Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted (or if disclosure or discovery is provided after filing the motion), then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(A).

**III.    ANALYSIS**

**A.    Requested Discovery**

Intervenor Plaintiff moves to compel propounded document requests dated November 15, 2024. (ECF No. 129 at 3; ECF No. 129-1). On December 17, 2024, counsel for Templeton Marsh e-mailed counsel for Defendants to request objection-less responses as well as documents. (ECF No. 129 at 3; ECF No. 129-1). According to Intervenor Plaintiff, "[s]hortly thereafter, a staff member from Defendants' firm responded and informed counsel for [Intervenor Plaintiff] to re-direct its discovery to other attorneys at Defendants' firm. Counsel for [Intervenor Plaintiff] immediately re-directed its Requests and other written discovery as requested by Defendants' staff. (ECF No. 129 at 3; ECF No. 129-1.) Intervenor Plaintiff states that for unknown reasons and despite its reminders, it has not received any documents related to the request. (ECF No. 129 at 3).

Defendants have not responded to the motion and the time to do so has passed. Pursuant to Eastern District of California Local Civil Rule 230(c), "[a] failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." L.R. 230(c); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding dismissal of Ghazali's action

pursuant to a Nevada district court local rule because Ghazali failed to file an opposition to the motion).

Here, Defendants have failed to respond to Intervenor Plaintiff's motion to compel.  They have not stated any argument why the Court should not grant Intervenor Plaintiff's request, nor have they asserted that any of the documents are privileged.

The court has conducted a high-level review of the discovery requests, and they appear to request discoverable information including requests for documents related to the Asset Purchase Agreement, documents related to Wilson's decision to move the dealerships to Clovis, documents related to Defendants' affirmative defenses, and financial statements.  (ECF 129-2.)  In the absence of opposition, the Court finds that the documents and information Intervenor Plaintiff seeks through these discovery requests are relevant, are not privileged, and are proportional to the needs of this case.

Moreover, Intervenor's motion to compel states that no discovery responses or objections were served as of two-and-a-half months after Intervenor Plaintiff made its discovery requests.  (ECF No. 129 at 4, 5).  Federal Rule of Civil Procedure 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days.  Fed. R. Civ. P. 33; Fed. R. Civ. P. 34.  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants* 959 F.2d 1468, 1473 (9th Cir. 1992).  Accordingly, the Court finds that compelling discovery is also warranted because Defendant has waived any objection by failing to respond or object as required under the Federal Rules.

The Court therefore orders Defendants to serve complete responses to all of Intervenor Plaintiff's November 15, 2024 and December 17, 2024 propounded discovery requests. Defendants are further ordered to provide a signed verification under penalty of perjury that their responses are complete.

### B.    Award of Expenses and Imposition of Sanctions Under Rule 37

Intervenor Plaintiff seeks attorneys' fees of $2,065 for the fees and costs incurred in bringing its motion to compel.  (ECF No. 129 at 2).  Intervenor Plaintiff's counsel's rate is $295 per hour.  (ECF No. 129-1 at 2).  It represents that it incurred $1,681.50 (5.7 x $ 295= $1,681.50)

in fees by preparing for, drafting, and revising this motion and anticipates $383.50 ($295 x 1.3= $383.50) in fees for attending the hearing on the motion. (*Id.*).

Under Federal Rule of Civil Procedure 37(a)(5)(A):

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, the Court is granting Intervenor Plaintiff's motion to compel. Defendants were provided an opportunity to be heard by filing an opposition to Intervenor Plaintiff's motion but failed to do so.

Therefore, the Court finds that an award to Intervenor Plaintiff of reasonable expenses, including attorneys' fees incurred in bringing the motion to compel, is warranted here.

However, because the Court vacated the hearing on the motion to compel, only the fees associated with preparing the motion to compel will be awarded. Accordingly, the Court will award Intervenor Plaintiff $1,681.50 for its fees and costs in preparing for, drafting, and revising the motion to compel. (*See* ECF No. 129-1 at 2).

## III.    CONCLUSION AND ORDER

For the reasons given above, **IT IS ORDERED** as follows:

Plaintiff's motion to compel and request for sanctions (ECF No. 129) is **GRANTED**.

1.  By no later than thirty (30) days from the date of this order, Defendants must produce all of the requested documents.

2.  <u>Defendants are cautioned that anything less than full compliance with this order may result in the imposition of additional sanctions, including the exclusion of evidence, evidentiary sanctions, or entry of default and judgment against them.</u>

3.  The Court awards Plaintiff reasonable attorney's fees and costs incurred in bringing the motion to compel in the amount of $1,681.50, with such costs and fees to be paid by Defendants within thirty (30) days from the date of this order.

IT IS SO ORDERED.

Dated:   **March 6, 2025**

/s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE