**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FOUNDATION AUTO HOLDINGS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> WEBER MOTORS, FRESNO, INC., *et al.*, <br><br> Defendants. | Case No. 1:21-cv-00970-EPG <br><br> **PRETRIAL ORDER** <br><br> Proposed Neutral Statement of the Case; Motions in Limine; Joint liability Briefing: April 21, 2026 <br><br> Oppositions to Motions in Limine; oppositions to Joint Liability Briefs; Proposed Joint Jury Instructions and Proposed Special Verdict Forms: April 28, 2026 |
| TEMPLETON MARSH, LTD., <br><br> Intervenor Plaintiff, <br><br> v. <br><br> WEBER MOTORS, FRESNO, INC., *et al.*, <br><br> Defendants. | Exhibit Exchange: April 30, 2026 <br><br> Replies to Motions in Limine: May 1, 2026 <br><br> Submission of Exhibits to the Court: May 7, 2026 <br><br> IT Meeting: May 11, 2026, 1:00 p.m. <br><br> Pre-Trial Hearing: May 11, 2026, 3:30 p.m. <br><br> Jury Trial: May 12, 2026, 8:30 a.m. in Courtroom 10 (EPG); 4 days estimate |

This civil action was filed on June 18, 2021, Plaintiff Foundation Auto Holdings, LLC. ("Plaintiff"), and Intervenor Plaintiff Templeton Marsh, LTD., asserted claims for breach of contract and anticipatory breach of contract against Defendants Weber Motors, Fresno, Inc., CJ's Road to

1

Lemans Corp., and Christopher John Wilson, related to Defendants' failure to proceed with an Asset Purchase Agreement for car dealerships in Fresno, California. (ECF Nos. 27, 42).[1] On June 2, 2025, the Court granted Plaintiff's Motion for Sanctions, ordering that Defendants would be prohibited from opposing Plaintiff's claims for breach of contract and anticipatory breach of contract. (ECF No. 187). The case will proceed to trial only on the question of damages and/or remedy for those claims.

On February 13, 2026, the parties filed a joint pre-trial statement. (ECF No. 219). On March 19, 2026, the Court conducted a final pretrial conference. Daniel Kappes, David Holtzman and Andrew Klair telephonically appeared as counsel for Plaintiff; Camille Zuber telephonically appeared as counsel for Intervenor Plaintiff; and David Allen and Thomas Moring telephonically appeared as counsel for Defendants Having considered the parties' objections, the Court issues this pretrial order pursuant to Federal Rule of Civil Procedure 16(e) and Local Rule 283.

A.    **JURISDICTION / VENUE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. This Court has personal jurisdiction over the Defendants because they are citizens of and do business within this State, have engaged in acts or omissions within this State causing injury, and have otherwise established contacts with this State making the exercise of personal jurisdiction proper. In addition, the events that gave rise to this action occurred in Fresno County, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1391.

B.    **JURY TRIAL**

The parties demanded a jury trial in this matter. (ECF No. 1 at 15; ECF No. 27 at 6; ECF No. 59 at 14. The jury trial will consist of eight jurors.

The trial shall begin on **May 12, 2026, at 8:30 a.m.,** before Honorable Erica P. Grosjean in Courtroom 10 (EPG). The jury trial is expected to last 4 days.

C.    **UNDISPUTED FACTS**

- On November 30, 2020, Plaintiff and Defendants entered into an Asset Purchase Agreement ("APA") for the sale of three automobile dealerships in the Fresno, California area.

---

[1] The parties have consented to magistrate judge jurisdiction and this action has been referred to the undersigned "for all purposes within the meaning of 28 U.S.C. § 636(c), to conduct any and all further proceedings in the case, including the trial and entry of final judgment."

- The APA is valid and enforceable.

- On June 11, 2021, Defendants issued a Notice of Termination of the APA.

- Plaintiff Foundation is an operator of automotive dealerships nationwide.

- Defendant CJ Wilson is the owner of two automotive dealerships in Fresno, CA, through Weber Motors, Fresno, Inc. (BMW) and CJ's Road to Lemans Corp. (Porsche).

- The originally at-issue Audi dealership, operated by CJ's Road to Lemans, is no longer in Defendants' control. The BMW and Porsche dealerships remain in Defendants' control.

- The Parties maintain financial records regarding their respective businesses and no Party contests the authenticity of those financial records.

- On April 30, 2020, Templeton Marsh LTD entered into a Representation Agreement with Defendant Christopher John Wilson ("CJ Wilson"), who executed the agreement on behalf of himself, Weber Motors Fresno Inc. d/b/a BMW Fresno and CJ's Road to LeMans d/b/a Audi Fresno and Porsche Fresno (collectively, the "CJ Wilson Defendants").

- The Representation Agreement entitled Templeton Marsh to a Success Fee of either five percent of the transaction value, or two percent if the dealership real property was leased, and required the CJ Wilson Defendants to not circumvent payment of the Success Fee.

- Pursuant to the Agreement, Templeton Marsh introduced CJ Wilson to Plaintiff Foundation.

- The parties initially contemplated a closing on April 1, 2021. However, on June 10, 2021, CJ Wilson expressly refused to proceed with the transaction or continue working with Templeton Marsh.

- On June 12, 2024, CJ Wilson confirmed in writing that any proposed transfer was cancelled and that he would not sell the dealership.

- On June 18, 2021, Templeton Marsh filed suit against the Defendants for breach of the Representation Agreement.

- Liability under the Representation Agreement is established as to each Defendant.

D.    **DISPUTED FACTS**

- Plaintiff Foundation and Defendants dispute the measure of damages for each Defendants' breach of the APA.

3

- Foundation and Templeton assert that any damages recovered by them are joint and several. Defendants dispute that position. Defendants assert that any damages to Foundation must arise out of and be related to the breach by that Defendant, and that Foundation must prove such damages, which cannot be based on speculation.

- Templeton Marsh and Defendants dispute the amount Templeton Marsh is entitled to as compensation for its finder's service, i.e., introducing a buyer, Foundation, to Defendants: the value of five percent (5%) of the total purchase price of the three dealerships, including, but not limited to, goodwill, fixed assets, intangible assets, and parts inventories, to which Templeton Marsh is entitled, as set forth in Schedule A to the Representation Agreement.

**E.    DISPUTED LEGAL ISSUES**

Breach is no longer at issue in this action.

- Foundation seeks recovery of damages for Defendants' breach of the APA under California common law.

- Templeton Marsh seeks to recover damages resulting from Defendants' joint breach of the Representation Agreement and asserts that liability as to each Defendant has already been established by Court order.

- Defendants do not agree that the damages for Foundation or Templeton are joint and several, and assert that each party must establish the damages for any breach by each individual defendant.

- For the purpose of this trial, without waiving any of its appellate rights, Defendants do not contest the Court's finding establishing a breach of contract, but dispute whether Foundation and Templeton Marsh can meet their burden to establish damages proximately caused by the breach of each Defendant.

- On the issue of joint and several liability, simultaneous briefing on the issue is due no later than **April 21, 2026.** Simultaneous briefing in opposition to the issue of joint liability is due no later than **April 28, 2026.**

**F.    DISPUTED EVIDENTIARY ISSUES**

The parties are reminded they may still object to the introduction of evidence during trial.

**Plaintiff:**

Foundation will request that the Court exclude any evidence not properly disclosed during discovery, whether factual or expert. Foundation will also move to exclude, and object to if necessary, any evidence relating to any defenses or arguments by Defendants already prohibited by the Court's June 2, 2025, Order (ECF 187).

**Intervenor Plaintiff**

Templeton Marsh will request that the Court exclude any evidence not properly disclosed during discovery, whether factual or expert, including any late disclosure of a Defendants' expert intended to rebut Templeton Marsh's expert's report. Templeton Marsh will request that the Court exclude any further attempts by Defendants to argue liability, as their liability to the Intervenor was established by this Court on January 7, 2026. (ECF No. 214).

**Defendant:**

None provided.

**G.      MOTIONS IN LIMINE**

Both parties intend to file motions in limine regarding the evidence to be used at trial. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Id*. The Court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the Court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.

Any motions in limine must be filed with the Court no later than **April 21, 2026.** The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court no later than **April 28, 2026, with any replies due** no later than **May 1, 2026.** Upon receipt

of any opposition briefs, the Court will notify the parties if it will hear argument on any motions in limine prior to the first day of trial.

**H.      RELIEF SOUGHT**

**Plaintiff**

- Compensatory (expectation) and reliance damages for Defendants' breach to be proven at trial.
- Special damages for breach of contract, and otherwise, in an amount to be proven at trial.
- Attorney's fees and other costs incurred in pursuing this action as the prevailing party.
- Any other relief as the Court may deem proper.

**Intervenor Plaintiff**

- Expectation (compensatory) and reliance damages
- Special damages for breach of contract, and otherwise
- Specific performance of payment of the Success Fee per the terms of the breached Representation Agreement
- Attorney fees and costs incurred in pursuing this action; and such other relief as the court may deem just and proper.

**Defendant**

- Each Defendant reserves the right to seek expert costs, attorneys' fees, and other costs if that Defendant is found to be the prevailing party based on the assessment of damages by the jury and against that Defendant.

**I.      ABANDONED ISSUES**

- Foundation no longer is pursuing specific performance of the APA.
- Templeton Marsh abandons none of its claims.

**J.      WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.

**Plaintiff's Witnesses**

- Chris Beaton
- Defendant CJ Wilson

- Ann Zimmerman
- James Pampinella

**Intervenor Plaintiff's Witnesses**

- Samir Akhavan, Templeton Marsh's principal
- Defendant CJ Wilson
- Dr. David Smith, Templeton Marsh's damages expert

**Defendant's Witnesses**

- Chris Beaton
- CJ Wilson
- Ann Zimmerman
- James Pampinella
- Dr. David Smith, Templeton Marsh's damages expert
- Samir Akhavan, Templeton Marsh's principal

1. The Court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:

   a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

   b. The witness was discovered after the pretrial conference

2. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so the Court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

   a. The witness could not reasonably have been discovered prior to the discovery cutoff;

   b. The Court and opposing parties were promptly notified upon discovery of the witness;

   c. If time permitted, the party proffered the witness for deposition; and

   d. If time did not permit, a reasonable summary of the witness's testimony was

7

provided to opposing parties.

3. Remote testimony is strongly discouraged and may only be allowed with leave of the Court, which shall only be granted on good cause. Witness convenience does not constitute good cause. All witnesses should assume they will be required to testify in person.

    a. Intervenor Plaintiff Templeton Marsh has indicated that it may seek to request remote testimony or a court order related to its client. Any such motion should be filed no later than **April 21, 2026.**

4. All witnesses, except for Defendant Christopher John Wilson, will testify only once. Thus, if Plaintiff calls a defense witness during its case in chief, Defendants shall be permitted to cross-examine that witness beyond the scope of direct testimony. However, should Plaintiffs call Defendant Christopher John Wilson during their case in chief, Defendants may also call him during their case in chief.

**K.    EXHIBITS, SCHEDULES AND SUMMARIES**

NO EXHIBIT, OTHER THAN THOSE LISTED BELOW MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1. **For a party to use an undisclosed exhibit for any purpose, they must meet the following criteria:**

    a.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    b.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

2. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the Court and opposing parties of the existence of such exhibits so that the Court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    a.  The exhibits could not reasonably have been discovered earlier;

8

b.  The Court and opposing parties were promptly informed of their existence; and

c. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**Plaintiff's Exhibits**

- CJ Wilson's deposition transcript and video;
- Ann Zimmerman's deposition transcript and video;
- Financial records produced by Defendants;
- Records relied upon by James Pampinella;
- Records relied upon by Joe Roesner - Asset Purchase Agreement

**Intervenor Plaintiff's Exhibits**

- CJ Wilson's deposition transcript and video;
- Each of the three Defendants' responses to Templeton Marsh's three sets of Requests for Production (RFPs) to each individual Defendant;
- Each of the three Defendants' responses to Templeton Marsh's three sets of Requests for Admissions to each individual Defendant;
- Dr. Smith's expert report and attached documents;
- Deposition transcripts of J. Pampanella and J. Roesner;
- All exhibits attached to Templeton Marsh's Complaint;
  - o  Representation Agreement;
  - o  June 10, 2021, text message received by Martiin Couture and sent by CJ Wilson;
  - o  June 10, 2021, email from Samir Akhavan to CJ Wilson;
  - o  June 12, 2021, e-mail from Samir Akhavan to CJ Wilson as well as CJ Wilson's reply on the same day.

**Defendant's Exhibits**

- Deposition Transcript of James Pampanella;
- Deposition transcript of Joe Roesner;
- Expert reports of Pampanella, Roesner & Smith;

- APA;

- Templeton Marsh Representation Agreement;

- LOI between Foundation and Defendants;

- Foundation financial documents;

- Emails between Foundation and Defendants related to APA

- Declaration of Al Monjazaeb;

- Declaration of Richard Aaron;

- Notice of Termination letter;

- OEM Approvals;

- Foundation submissions to OEM;

- BMO loan proposal

The parties must exchange exhibits no later than **April 30, 2026**.

On or before **May 4, 2026,** counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examine each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by the above exhibit exchange deadline.

1.  At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery</u> **SHALL** <u>be provided at least five court days in advance of the exhibit conference</u>.

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as joint exhibits and numbered as directed below. Joint exhibits **SHALL** be admitted into evidence upon introduction and motion of a party, without further foundation.

All joint exhibits **SHALL** be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the

designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties **SHALL** number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits.  The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF JOINT EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|
|  |  |  |

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OBJECTION OTHER |
|---|---|---|---|---|
|  |  |  |  |  |

5. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Objection Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

7. As to each exhibit which is not objected to in the index, it shall be marked and received

into evidence and will require no further foundation.

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits.  The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Deputy and provide one set to the other parties, no later than 4:00 p.m., on **May 7, 2026 at 4:00 p.m.** Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Deputy.

**L.      POST-TRIAL EXHIBIT RETENTION**

Counsel who introduced exhibits at trial **SHALL** retrieve the original exhibits from the Courtroom Deputy following the verdict in the case. Counsel **SHALL** retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

**M.      DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**Plaintiff's Documents**

Plaintiff did not provide a finalized list of documents.

**Intervenor Plaintiff's Documents**

- CJ Wilson's deposition transcript and video;
- Each of the three Defendants' responses to Templeton Marsh's three sets of Requests for Production (RFPs) to each individual Defendant;
- Each of the three Defendants' responses to Templeton Marsh's three sets of Requests for Admissions to each individual Defendant

**Defendant's Documents**

None provided.

**N.     STIPULATIONS**

Liability has been judicially established against each of the three Defendants and in favor of Templeton Marsh and Foundation, as established by the Court. (ECF Nos. 187 and 214). Since breach has been found, this trial will solely focus on damages. The parties have agreed that they will stipulate to certain undisputed facts and to the admissibility of certain exhibits. The parties have additionally agreed to confirm the authenticity of all documents produced during discovery.

**O.     AMENDMENTS/ DISMISSALS**

None.

**P.     SETTLEMENT NEGOTIATIONS**

The parties held a settlement conference before Magistrate Judge Dennis M. Cota on March 12, 2026. (ECF No. 227). The settlement negotiations remain ongoing, and a subsequent settlement conference is set before Magistrate Judge Dennis M. Cota on March 31, 2026.  (ECF No. 230).

**Q.     AGREED STATEMENT**

The parties may serve and file a non-argumentative brief statement of the case, which is suitable for reading to the jury at the outset of jury selection, by no later than **April 21, 2024.** If the parties cannot provide a joint statement of the case, the Court will consider each party's respective statements but will draft its own statement. The parties will be provided with an opportunity to review the Court's prepared statement before the trial.

**R.     SEPARATE TRIAL OF ISSUES**

None.

**S.     APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**T.     ATTORNEYS' FEES**

Foundation will seek its attorney's fees and other costs as the prevailing party after the trial in an amount according to proof.

Templeton Marsh will seek its attorney's fees and other costs as the prevailing part after the trial in an amount according to proof.

Each Defendant reserves the right to seek its attorney's fees and other costs should any or all of

them be found to be the prevailing party after the trial in an amount according to proof.

**U.    TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **May 12, 2026** at 8:30 a.m. before the Honorable Erica P. Grosjean at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California. Trial is expected to last 4 days.

**V.    TRIAL PREPARATION AND SUBMISSIONS**

**1.    Trial Briefs**

As discussed in the pre-trial conference, the parties are reminded that no trial briefs shall be permitted in this case.

**2.    Jury Voir Dire**

The parties will each be permitted to conduct a brief voire dire, in addition to voire dire questions posed by the Judge.

**3.    Jury Selection**

In order to promote efficiency and time management, during jury selection, there will be a total of three preemptory strikes to be shared amongst all Plaintiffs. Likewise, all Defendants shall share three preemptory strikes.

**4.    Jury Instructions & Verdict Form**

The parties shall serve, via e-mail, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **April 14, 2026.** The parties **SHALL** conduct a conference to address their proposed jury instructions and verdict form no later than **April 21, 2026.** At the conference, the parties **SHALL** attempt to reach agreement on the verdict form and jury instructions for use at trial. The parties **SHALL** file their agreed-upon verdict form and all agreed-upon jury instructions no later than **April 28, 2026,** and identify such filings accordingly. At the same time, the parties **SHALL** lodge, via e-mail, a copy of the joint proposed jury instructions and joint proposed verdict form (in Word format) to EPGOrders@caed.uscourts.gov.

**If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon a verdict form or certain specific jury instructions, the parties **SHALL** file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **April 28, 2026.** and

identify such filings accordingly. At the same time, each party **SHALL** lodge, via e-mail, a copy of their proposed (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to EPGOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction.  Each instruction **SHALL** be numbered.

**W.    OBJECTIONS TO PRETRIAL ORDER**

Within **14 days** after the date of service of this order, the parties may file written objections to ny of the provisions set forth in this order. The parties may file any replies to the objections within **seven** days. The objections shall clearly specify the requested modifications, corrections, additions or deletions. **If no objections are filed, the order will become final without further order of the Court.**

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

**X.    MISCELLANEOUS MATTERS**

Counsel are advised that the Court's trial schedule, absent other Court conflicts, is as follows: On the first day of trial and until jury selection is completed, the trial day will begin at **8:30 a.m**. and complete at **4:30 p.m**.. The jury will be expected to sit from **9:00 a.m.** until **12:00 p.m**. Following an hour-long lunch break, the jury will be expected to sit from **1:30 p.m.** until **4:30 p.m.** In addition to the one-hour lunch break, the jury will be provided with two rest breaks.

Once the jury begins deliberating, the jury will set their own schedule. Counsel SHALL schedule their witnesses to avoid waste of the jury's time.

**Y.    COMPLIANCE**

Strict compliance with this order and its requirements is mandatory. All parties and their

counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:    **March 24, 2026**                     /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE

16